Hinkle, J.
Plaintiffs, James F. Scanlan, Jr., as administrator of the estate of Jerome John Canniff, Sr. (Jerome Sr.), and Jerome John Canniff, Jr., Kevin Canniff and Paul Canniff, initiated this action on December 14, 1994 against defendants W. C. Canniff & Sons, Inc. (C&S), Mount Auburn Memorials, Inc. (MAM), Edward Timothy Canniff, Jr. (Edward Jr.), William S. Canniff, Mary A. Canniff, individually and as co-executors of the estate of Edward Timothy Can-niff, Sr. (Edward Timothy) and Mary Lou Donovan. The plaintiffs’ original complaint asserts four claims: a claim for an accounting of C&S and MAM; a claim of fraud against all defendants: a claim for breach of fiduciary duty against C&S and all individual defendants; and a claim against all defendants alleging violation of the Racketeer Influenced and Corrupt Organizations statute (18 U.S.C. §1961(1)(D)). On April 26, 1996, the plaintiffs filed the motions currently before the Court: a motion to amend their complaint to add two additional claims and a motion to disqualify Paul Kilgarriff (Kilgarriff) as defendants’ counsel. The claims the plaintiffs wish to raise are, first, a claim for breach of fiduciary duty against Kilgarriff, individually and in his capacity as trustee of Granite Realty Trust (GRT), and, second, a claim of fraud against both Kilgarriff and Mary A. Canniff, in her capacity as co-trustee of the GRT. The plaintiffs contend in their motion to disqualify that Kilgarriff cannot properly act as defendants’ counsel since, if the amendment is permitted, Kilgarriff will become a party to the action, and since, if the amendment is not permitted, Kilgarriff is a material witness who may be called at trial. For the following reasons, plaintiffs’ motion to amend their complaint is ALLOWED in part and DENIED in part and plaintiffs’ motion to disqualify Attorney Kilgarriff is ALLOWED.
BACKGROUND
Accepting the facts as set out in the complaint as true for the limited purpose of adjudicating these motions, Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) (citations omitted), the facts are as follows. This action concerns a network of family-owned companies that include C&S, based in Roslindale, and MAM, based in Cambridge, both of which produce burial headstones and grave markers. The plaintiffs allege on information and belief that MAM is a wholly-owned subsidiary of C&S.
The companies were originally founded and managed by William Crowley Canniff and his four sons, including Jerome Sr. and Edward Timothy. The plaintiffs are the administrator of the estate of Jerome Sr. (the estate), and three of Jerome Sr.’s sons who are heirs of the estate. The defendants include C&S, MAM, three children of Edward Timothy, two of whom are also executors of his estate, and Edward Timothy’s widow, Mary Canniff, also a co-executor.
The widow and children of’Edward Timothy are officers and directors of each family company. In 1968, the surviving sons of William Crowley Canniff signed a stock repurchase agreement, granting C&S the right to purchase their shares on their deaths for the fixed sum of $1,500.00 per share. All the sons of William Crowley Canniff, including Jerome Sr., James Canniff, Sr., and Edward Timothy, acted as directors of C&S during their lifetimes.
When James Canniff, Sr. died, Edward Timothy’s son Edward Jr. was elected to the vacant directorship of the company. The plaintiffs allege on information and belief that both the directors’ voting form that elected Edward Jr. as director and the form authorizing C&S to repurchase stock from James Canniffs estate contain Jerome Sr.’s forged signature.
The result of the repurchase of stock from James Canniffs estate was that the outstanding stock in C&S was split equally between Jerome Sr. and Edward Timothy. However, of the five directors of the companies, three were loyal to Edward Timothy and two were loyal to Jerome Sr. Edward Timothy therefore had majority control of the board, and the plaintiffs allege that he used this control to defraud Jerome Sr., who did not take an active role in the management of the company.
In 1973, Edward Timothy negotiated on behalf of C&S a revised stock repurchase agreement that would take effect on Jerome Sr.’s death. By fraudulently misrepresenting the terms of this contract to Jerome Sr., who was not represented by counsel, Edward Timothy convinced him to sign the agreement. The terms of the agreement significantly undervalued C&S stock. The officers, directors and employees did not show Jerome, Sr. any valuations of his stock. Jerome *579 Sr. was not given any opportunity to seek an independent valuation or appraisal of his sharekholdings.
In order to make the 1973 stock repurchase agreement effective, Edward Timothy revoked the 1968 stock repurchase agreement which had been used to repurchase shares from James Cabiniffs estate. The plaintiffs allege that the revocation, however, was not properly approved at any shareholders’ meeting as required by the by-laws, and did not receive the written approval of all the directors, required by the by-laws in lieu of an actual meeting.
In 1975, Jerome Sr. and Jerome Jr. resigned from their directorships. The plaintiffs allege upon information and belief that the signatures of Jerome Sr. and Jerome Jr. on the forms effecting their resignations are forged. Annual reports for C&S continue to list Jerome Sr. and Jerome Jr. as directors and/or officers up to 1987.
Additionally, the plaintiffs allege on information and belief that all the shareholders’ consent forms up to 1987 that Jerome Sr. supposedly signed contain a forged signature.
In 1987, Jerome Sr. hired counsel and began to inquire into the structure of the family companies. While Edward Timothy informed Jerome Sr.’s counsel that the stock was split equally, he fraudulently misrepresented the situation to Jerome Sr. by informing him that he only owned one-fifth of the company. Requests by Jerome Sr.’s counsel to inspect the books and records of C&S or to meet with directors of C&S went unanswered.
During 1988 and 1989, the annual report of C&S, signed under penalties and pains of perjury by Treasurer Mary Donovan, states that annual meetings took place. The plaintiffs contend that no such meetings ever occurred.
Since Jerome Sr.’s death in 1993, C&S has sought to repurchase Jerome Sr.’s stock. The estate refuses to comply with the 1973 repurchase agreement, arguing that the agreement lacks consideration and was obtained fraudulently.
The plaintiffs seek leave of Court to amend their complaint to include certain factual allegations. The facts as alleged in plaintiffs’ proposed amended complaint are as follows.
In 1955, other members of the Canniff family incorporated the Granite Trading Corporation (GTC), a Massachusetts corporation. By 1977, the board of directors of GTC was identical to that of C&S. However, GTC had a different set of shareholders: neither Jerome Sr. nor any of his heirs have ever owned shares in GTC. The assets originally held in the Granite Trading Corporation are now owned by the Granite Realty Trust (GRT).
In 1977, the directors of GTC and C&S became aware of a vacant lot of land located at 543 Cummins Highway (the lot) which had the potential to be a profitable acquisition for C&S. GTC purchased the lot for $3,000 on July 5, 1977. On February 19, 1985, GTC sold the lot to C&S for $40,469.00. Paul KilgaiTiff, defendants’ counsel in this action, notarized the quitclaim deed that recorded this sale.
Additionally, the name “Paul Kilgarriff’ was written in the upper left-hand corner of a form authorizing Edward Timothy in 1987 to convey several properties located on Cummins Highway, including the lot, to the Bay State Homes Corporation of Worcester for $113,169.00. Kilgarriff notarized this transaction. The plaintiffs allege that the sale price was below market value.
GTC purchased all of the Cummins Highway properties along with an additional property from Bay State Homes in exchange for a properly located in Worcester. Kilgarriff also notarized this transaction, and his name appears on the upper left hand comer of the document.
In 1988, the GRT was created, with Kilgarriff and Mary Canniff as trustees. The beneficiaries are all members of Edward Timothy’s family. GTC conveyed its assets to GRT and then dissolved itself.
The plaintiffs allege on information and belief that GRT owns several properties in Cambridge, Lynn and Mattapan which it leases to C&S at above-market rates. The plaintiffs state that Kilgarriff, in his capacity as trustee of GRT, should have known that GRT was charging C&S fraudulently excessive rents.
DISCUSSION
The defendants concede that, should the Court permit the plaintiffs to amend their complaint and add Kilgarriff as a parly, Kfigarriff must then withdraw from representing them. I therefore now consider whether the plaintiffs’ motion to amend will be allowed.
The Massachusetts Rules of Civil Procedure state that “a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.” Mass.R.Civ.P. 15 (a). This rule “bespeaks liberality in allowing amendment of pleadings.” Hobbs v. Carroll, 34 Mass.App.Ct. 951, 952 (1993).
Motions to amend are generally granted unless a good reason exists for denying them, such as “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” Mathis v. Massachusetts Electric Co., 409 Mass. 256, 264 (1991), quoting Foman v. Davis, 371 U.S. 178, 182 (1962). Additionally, “a judge properly may deny a motion to amend because the complaint as amended would fail to state a claim on which relief could be granted.” Jessie v. Boynton, 372 Mass. 293, 295 (1977).
After examining the allegations that the plaintiffs wish to add to their complaint, I conclude that, as a matter of law, the plaintiffs are entitled to add a claim for breach of fiduciary duty. In contrast, I determine that the plaintiffs are not entitled to add the proposed *580 fraud claim as this count of their proposed complaint does not state a claim upon which relief can be granted.
As a preliminary matter, after considering the factors set out in Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 586 (1975),[4] I rule that C&S is a close corporation. The facts alleged by the plaintiffs establish that C&S has few shareholders, that C&S is a private, family-run corporation without a ready market for its shares, and that the sons of Edward Timothy control the affairs of the corporation. See also Thomas P. Billings, Remedies for the Aggrieved Shareholder in a Close Corporation, 1996 Mass. L. Rev. 3-4.
The Supreme Judicial Court has ruled that “it is fairly arguable that an attorney for a close corporation owes a fiduciary duty to the individual shareholders.” Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings and Berg, P.C., 405 Mass. 506, 513 (1989). Although the Supreme Judicial Court’s statement in Schaeffer has correctly been referred to as “dictum,” the mere existence of an arguable legal theory insulates the plaintiffs’ claim for breach of fiduciary duty from vulnerability to a future motion under Mass.R.Civ.P. 12(b)(6). Id.; Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass.App.Ct. 509, 516 (1994).[5] Since the facts as alleged by the plaintiffs merit relief under an “arguable” legal theory, and as the defendants have not shown that the proposed amendment is motivated by bad faith or dilatory motive, I rule that the plaintiffs are entitled to amend their complaint to add a breach of fiduciary duly count against Kilgarriff.[6]
In contrast, the plaintiffs have not produced sufficient allegations to support a fraud action against either Kilgarriff or Mary Canniff, in her capacity as co-trustee of GRT. The plaintiffs allege that Kilgarriff and Mary Canniff have “aided and abetted in the devising and carrying out of a fraudulent and deceitful scheme [to transfer property between C&S and GRT].” Their theory of liability is based on an allegation of Kilgarriffs and Mary Canniffs participation in a series of fraudulent conveyances designed to loot C&S of its assets.
Even if the Court accepts, arguendo, that the plaintiffs have, established a fraudulent conveyance or a prima facie case of deceit, the plaintiffs’ proposed action is still barred because:
general principles of corporate law provide that a shareholder may not sue either the corporation or some other wrongdoer if the only injury alleged is a diminution of the corporation’s net worth. In such circumstances the corporation is the injured party and it alone may sue the wrongdoer for the damage caused.
Hurley v. FDIC, 719 F.Supp. 27, 30 (D.Mass. 1989).
If C&S declines to pursue its claims against Kilgarriff, then the plaintiffs’ only option is to pursue a shareholders’ derivative action on behalf of the corporation. Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162, 170-71, cert. denied, 114 S.Ct. 187 (1993), citing Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings and Berg, P.C., supra. The complaint does not establish that this is a derivative action; the motion to amend the complaint should therefore be dismissed insofar as it concerns plaintiffs’ fraud claim.
Since the plaintiffs’ complaint can now be amended to include an action for breach of fiduciary duty against Kilgarriff, I accept the plaintiffs’ motion to disqualify Kilgarriff as counsel for C&S.
ORDER
For the foregoing reasons, plaintiffs’ motion to amend their complaint is ALLOWED in part and DENIED in part. The plaintiffs are permitted to amend their complaint to add proposed claim v. (breach of fiduciary duty against Kilgarriff) but not proposed claim VI (fraud against Kilgarriff and Mary Canniff). Plaintiffs’ motion to disqualify Kilgarriff as counsel for C&S is ALLOWED.

In Donahue, the Supreme Judicial Court defined a close corporation as one typified by: (1) a small number of stockholders; (2) no ready market for the corporate stock; and (3) substantial majority shareholder participation in the management, direction and operations of the corporation. Donahue v. Rodd Electrotype Co. of New England, Inc., supra at 586.

The courts that have squarely considered whether an attorney for a close corporation owes a fiduciary duty to the shareholders of that corporation have reached different results. In Illinois, attorneys for close corporations owe no one but the corporation a fiduciary duty. Hager-Freeman v. Spiroff, 229 Ill. App. 3d 262, 277-78 (1992), citing Felty v. Hartweg, 169 Ill. App. 3d 406 (1988). In contrast, the Oregon courts have determined that, where a close corporation is dominated by one majority shareholder, attorneys for that corporation owe all of its shareholders a fiduciary duty. In re Kinsey, 294 Or. 544, 562-63 n.10 (1983), citing In re Brownstein, 288 Or. 83 (1979). The issue is also discussed in Lawrence E. Mitchell, Professional Responsibility and the Close Corporation: Toward A Realistic Ethic, 74 Cornell L. Rev. 466, 472 n. 26 & 500 n.148 (1989) and F. Hodge O’Neal, Robert Thompson & Faye L. Katt, O’Neal’s Close Corporations §2.02 (1992 & 1994 supplement) citing Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings and Berg, P.C., supra.

I note, however, that Kilgarriffs role as counsel for C&S is the only basis upon which plaintiffs can make out a sufficient case for breach of fiduciary duty. No fiduciary duty arises from Kilgarriffs role as trustee of GRT, of which none of the plaintiffs are beneficiaries. No such duty arises based on Kilgarriffs role of notary on the deeds that recorded the real estate transactions between C&S and GRT. No duty, either to the public or to the signatories of the notarized deeds or documents, arises from an individual’s role as notary public. New England Bond & Mortgage Co. v. Brock, 270 Mass 107, 110 (1930).