Tucker, Richard T., J.
This is a liquor liability or “dram shop” action in which the plaintiff, Robyn L. Soucy Individually and as Administratrix of the Estate of Richard J. Soucy claims that the defendant establishments served alcoholic beverages to one Thomas C. Lemire (“Lemire”) at a time when they should have known that Lemire was under the influence of alcohol.
Subsequent to leaving the defendant establishments which he visited in turn, Lemire crashed the motor vehicle he was operating in a single-vehicle accident. His passenger at the time, Richard J. Soucy, expired as a result of the injuries he sustained in that accident.
The matter came before me on the Defendant’s Motion for Summary Judgment.
Upon the record before me and the oral arguments presented by counsel for both sides I find and rule as follows.
Applicable Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’lBank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for sum *439 mary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summaiy judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
BACKGROUND
Richard J. Soucy died on July 1, 2004 as a result of injuries he sustained while a passenger in a motor vehicle operated by Thomas C. Lemire. Lemire’s vehicle left the road and a single-car accident ensued which was fatal to Soucy. This action is a dram shop action brought pursuant to G.L.c. 231, §60J whereby the Administratrix of Richard Soucy’s Estate, Robyn L. Soucy has sued the two establishments at which Lemire was known to have been a patron prior to operating the motor vehicle resulting in Soucy’s death. It is alleged that each of the defendants “knew or should have known” that Lemire was under the influence of alcoholic beverages and that his ability and judgment to operate a motor vehicle safely was impaired at the time that liquor was served to him. Subsequent to the accident Lemire was charged with and found guilty of vehicular homicide pursuant to G.L.c. 90, §24G. There is evidence of a blood sample taken from Lemire sometime after the accident had occurred that his blood alcohol concentration (BAC) was then approximately 0.16 percent.
DISCUSSION
G.L.c. 231, §60J requires a plaintiff to file at the time of the filing of the complaint or within ninety days thereafter an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry. The statutory procedure is “designed to promote the availability of liability insurance by establishing mechanisms whereby the incident of frivolous claims might be reduced.” Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 422 (1988). The defendants allege in this Motion for Summary Judgment that the plaintiffs timely affidavit is not adequate under the statute.
Defendants also allege that on the summary judgment record as a whole, there are no genuine issues of material fact in controversy and the defendants are entitled to judgment as a matter of law. Rule 56, Mass.R.Civ.R In this regard, the defendants state that neither the affidavit nor the record as a whole provides any direct evidence that at the time that Lemire was served alcoholic beverages at the defendant establishments, Lemire displayed visible signs of intoxication. Accordingly the defendants assert that Summary Judgment must be granted.
Plaintiff sets forth her claims based exclusively upon the anticipated testimony of Harvey M. Cohen, Ph.D., an expert in matters concerning blood alcohol content (BAC) analysis and the relationship between calculated (BAC) and measured BAC over a period of time following one’s drinking. In Dr. Cohen’s detailed, factual report he opines through interpolation that Lemire’s BAC would have been approximately 0.14-0.15 percent at the time of the service of his last drink at the American Legion and would have been approximately 0.16-0.18 percent at the time of the service of his drink at Chick’s Tavern. He further opines that based on this information, “Mr. Lemire would have been exhibiting visible signs of intoxication at the time of service of one or more drinks at both the American Legion and Chick’s Tavern” and that “the alcohol consumed at both the American Legion and Chick’s each were significant contributing factors in the causation of the accident.”
Dr. Cohen accurately relates in his report the recorded testimony of five witnesses who were with or saw Lemire drinking at either or both of the establishments, none of which indicated that he had appeared to be intoxicated. Additionally, Dr. Cohen relates that a bartender at the American Legion, a Ms. Murphy, indicates that she had seen Mr. Lemire intoxicated on other occasions and that “when Mr. Lemire is ‘buzzed,’ the best indication is the loudness of his speech.” She stated that on the date in question Mr. Lemire did not appear intoxicated, was not loud and his speech appeared to be “o.k.”
As a general rule, evidence of elevated BAC at a later point in time does not sufficiently demonstrate that a patron’s intoxication was evident when he was last served a drink. McGuiggan, Administrator v. New England Tel. & Tel Co., 398 Mass. 152, 162 (1986) (rejecting the claim that evidence of “blood alcohol content raises a dispute on a material fact issue”). This rule exists in part due to recognition that every person responds differently to alcohol, which makes it difficult to infer demeanor at an earlier point in time. In McGuiggan, the Supreme Judicial Court stated that BAC “has no bearing on what [a patron’s] condition was at the time he took his last drink.” Id. In particular, courts recognize “a possible delayed impact of the consumption of alcohol, and the unknown effect on a patron of the last drink served to him.” Douillard v. LRM, Inc., 433 Mass. 162, 165 (2001), quoting Vickowski v. Polish Anver. Citizen’s Club of Deerfield, Inc., 422 Mass. 606,612 (1996). Accordingly, evidence of BAC at a later time “is not sufficient by itself to establish apparent intoxication at the time that alcohol was served.” Douillard, 433 Mass. at 166. Evidence *440 of elevated BAC is admissible only “for purposes of bolstering other evidence concerning a patron’s condition at the time alcohol was served.” Id. at 165-66. Specifically, there must be evidence of an intoxicated appearance or demeanor or, at a minimum, evidence of the patron’s customary reaction to excessive alcohol consumption. In DouiUard, summary judgment for the defendants was overturned because the record contained specific evidence of how many drinks the patron typically had before becoming intoxicated and of the symptoms he usually displayed upon becoming intoxicated. Id. at 167-68. In the instant case the only evidence of Lemire’s customary appearance and demeanor upon becoming intoxicated was that he became “loud” which was specifically not noticed by any of the witnesses at the defendants’ establishments.
Consequently, while an expert can infer how much alcohol a patron has consumed from his BAC after an accident, as has been done here through the opinion of Harvey Cohen, Ph.D., the case as a whole cannot “rest solely on the expert’s assessment of how the ‘average’ drinker would react to this much alcohol. Rather, there [must be] direct evidence of [the patron’s] own reactions to alcohol to confirm that they are in fact comparable to the average drinker.” Id. Douillard, 433 Mass. at 167-68.
The affidavit and summary judgment record before me indicates that Lemire was likely inebriated at the time of the accident. However, the record is devoid of any evidence providing the answer to the crucial question as to at what point Lemire visibly evidenced symptoms of intoxication and whether those symptoms were exhibited at the time he was served his drinks at either establishment. Without such evidence, and upon BAC evidence alone, the plaintiffs claim cannot survive summary judgment.
ORDER
For the above stated reasons, the Defendants’ Motion for Summary Judgment is ALLOWED.