Fecteau, J.
This is a “dram shop” action, subject to the provisions of G.L.c. 231, §60J, in which the plaintiff alleges that due to the excessive service of intoxicating liquor to the defendant O’Sullivan by employees of McBain, d/b/a [“Captain’s”], he was assaulted and battered by O’Sullivan due to his intoxication.
The defendant is seeking to strike the plaintiffs affidavit,[1] filed under the said statute, on the ground that it does not contain sufficient facts to raise a legitimate question of liability, but merely repeats the conclusory statements of the plaintiffs complaint.
The statute in question, added by the legislature in 1985, has had few opportunities for interpretation. The command of the statute calls for the plaintiff, either at the time of the filing of his complaint, or within 90 days, to file “an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry.” This is the same threshold over which medical malpractice cases must pass at the time of a tribunal convened under c. 231, §60B, except that for a medical malpractice case, a plaintiff must file an offer of proof, containing sufficient records or statements, including those of an expert, to substantiate the allegations.
The statute in question does not define “affidavit” nor the minimum standards of proof for statements made in the affidavit. Generally, an affidavit is “a statement under oath by a person having direct knowledge of the facts which he verifies, except as otherwise clearly stated in the affidavit itself.” Howland v. Cape Cod Bank and Trust Co., 26 Mass.App.Ct. 948, 949 (1988). Neither the statute, nor the general definition require the same level of personal knowledge as Rule 56(e) of the Mass. R. Civil Proc., which require that an affidavit be “made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
Concededly, the affidavit parrots the allegations of the complaint. However, it does contain some facts that the affiant provides as a matter of personal knowledge and others for which a source of information is not apparent, but inferentially, are upon information and belief. Given the lack of definition of what the affidavit ought to contain beyond “facts,” the affidavit in question, filed by the plaintiff on July 31, 2000, is sufficient. Consequently, the defendant’s motions to strike the affidavit and for summary judgment, premised upon the insufficiency of the affidavit, are denied.

 The first affidavit filed on behalf of the plaintiff was defective in that it was signed by plaintiffs counsel. Obviously when alerted to this by the defendant’s motion, it was corrected by one signed by the plaintiff. The two affidavits read alike.