Kaplan, Mitchell H., J.
This case is a so-called “dram shop’’ case. The case arises out of an automobile crash that occurred at approximately 1:49 AM on December 27, 2009, when a Jeep Cherokee driven by Phillip Daniels struck the car that plaintiff Rene Bronfield was driving and in which plaintiff Elma Plomer’s decedent, Jose Santo Castillo, was a passenger, seriously injuring Bronfield and killing Castillo. At the time of the crash, Daniels was traveling westbound on the eastbound lane of the Massachusetts Turnpike. As a result of the crash, Daniels was indicted by a Suffolk Couniy Grand juiy on charges of manslaughter while operating a motor vehicle under the influence of alcohol, motor vehicle homicide while operating a motor vehicle under the influence of alcohol, and causing serious bodily injury while operating a motor vehicle under the influence of alcohol. On May 25, 2010, Daniels pled guilty to the latter two charges, and the District Attorney agreed to dismiss the manslaughter charge. He was sentenced to a period of incarceration in the state prison, followed by a period of probation. This action was filed by the plaintiffs on October 7, 2010. In summary, they allege that the defendant operated a bar known as Lucky’s Lounge at 355 Congress Street in Boston (Lucky’s), and, on the evening in question, Lucky’s served Daniels alcoholic beverages after he was visibly intoxicated, and defendant is therefore liable to them for the injuries and death resulting from the crash.
On November 2, 2010, the plaintiffs filed the affidavit of Rene Bronfield to meet the requirements of G.L.c. 231, §60J (the Affidavit). In the Affidavit, Bronfield sets out information contained in the Massachusetts State Police report prepared by the trooper who responded to the accident scene and arrested Daniels, and the transcript of the colloquy during which Daniels changed his plea to guilty on two of the three indictments returned against him and was sentenced. The report and transcript are identified and attached to the Affidavit as exhibits. In the Affidavit, Bronfield does not assert that he has first-hand knowledge of the facts that he asserts, other than those that refer to his actions in driving east on the turnpike at the time of the accident, but rather relies on the facts set out in the exhibits.
In the instant motion, the defendant moves to strike the affidavit and have summary judgment entered against the plaintiffs. It argues that the affidavit must meet the requirements of an affidavit filed in opposition to a Mass.R.Civ.P. 56 motion for summary judgment and that it fails this standard. It argues that information contained in the police report cannot be considered because that document is hearsay. The defendant acknowledges that Daniels admitted to the facts stated by the Assistant District Attorney during the plea colloquy, but asserts that those facts would not, by themselves, be sufficient for a jury to return a verdict against the defendant for negligently serving Daniels after he was intoxicated.
Section 60J states, in pertinent part: “The plaintiff shall file, together with his complaint, or at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry.” The statute does not provide any additional guidance concerning what must be in the affidavit.
In McCauliff v. O’Sullivan, Superior Ct. No. 99-2543 (Sept. 26, 2000) [12 Mass. L. Rptr. 369], Judge, now Appeals Court Justice, Fecteau was confronted with a similar argument to that raised by the defendant in this case. Justice Fecteau noted in his opinion that §60J, enacted in 1985, had then had “few opportunities for interpretation,” and eleven years later that continues to be true. He described the statutory standard that an adequate §60J affidavit has to meet, i.e., it had “to raise a legitimate question of liability appropriate for judicial inquiry,” and commented that this is the same standard imposed on plaintiffs under G.L.c. 231, §60B, which concerns complaints alleging claims of medical malpractice, except that statute refers to an “offer of proof’ rather than an “affidavit.”
Justice Fecteau then went on to state:
Generally, an affidavit is “a statement under oath by a person having direct knowledge of the facts which he verifies, except as otherwise clearly stated in the affidavit itself.” Howland v. Cape Cod Bank and Trust Co., 26 Mass.App.Ct. 948, 949 (1988). Neither the statute, nor the general definition require the same level of personal knowledge as Rule 56(e) of the Mass. R. Civil Proc., which require that an affidavit be “made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affi-ant is competent to testify to the matter stated therein.”
This court agrees with Justice Fecteau’s reasoning. The purpose of the §60J affidavit appears to be to insure at the outset of the case that there is evidence sufficient to raise a “legitimate question of liability,” on the part of the defendant dram shop, before it is forced to incur the costs of defending the claim in a court proceeding. Had the legislature intended that a plaintiff could bring a dram shop case only if he already had sufficient evidence to proceed to trial, it certainly would have expressed that requirement more directly.
This construction of the affidavit is supported by the very next paragraph of §60J:
Any party may make a motion for summary judgment pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure. Any such motion shall be heard and decided promptly after issue is joined as to any party, unless the court enlarges the time for *300 discovery. Said enlarged time for discovery shall not exceed ninety days, except on further order of the court.
Under Rule 56, if the moving party does not have the burden of proof at trial, as is the case here, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “(A]ll eviden-tiary inferences must be resolved in favor of the [nonmoving party].” Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 544 (2006). Defendant’s construction of the §60J affidavit, would read this basic principle of summary judgment practice out of dram shop cases. Indeed, in this case, the defendant has not submitted any materials in support of its motion that tend to negate an essential element of the plaintiffs’ case or demonstrate that proof of that element is unlikely to be offered at trial. Rather, it argues only that the Affidavit, without reference to the police report, does not set out evidence in a form that would be admissible at trial and sufficient to permit a jury could return a verdict against it.
Moreover, §60J expressly makes reference to the plaintiff having an opportunity for discovery before having to oppose the motion for summary judgment. If the §60J affidavit, standing alone, had to be sufficient to defeat summary judgment, the statute would not have expressly provided that a plaintiff could take discovery, or additional discovery, before the defendant’s motion is decided.
In the present case, the transcript of the plea colloquy and the police report, which are exhibits to the Affidavit, provide evidence that Daniels: was at Lucky’s from before 10:00 PM until 1:30 AM on the morning of the crash; had a number of drinks while he was there; blacked out at some time during the evening; entered the Mass Turnpike on a plainly marked exit ramp at Congress Street; traveled westbound for some distance before striking Bronfield’s eastbound car; and exhibited behaviors suggesting that he was very intoxicated at the scene of the accident and later at the police station. That is sufficient evidence “to raise a legitimate question of liabiliiy appropriate for judicial inquiry” as to whether Daniels was visibly intoxicated at a time when Lucky’s continued to serve him alcoholic beverages.
ORDER
For the foregoing reasons the defendant’s motion to strike the plaintiffs’ §60J affidavit and enter summary judgment dismissing the case are DENIED. Inasmuch as the question of what is the required content of an adequate §60J affidavit has not been decided by any appellate court, the denial of the defendant’s motion for summary judgment is without prejudice to its filing another Rule 56 motion pursuant to the standards and procedures that generally apply to such motions.