SHERYL CROTEAU *vs.* SWANSEA LOUNGE, INC., & another.[1]

Bristol. April 5, 1988. — May 16, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Statute*, Construction. *Alcoholic Liquors*, Sale to intoxicated person. *Practice, Civil*, Affidavit, Enlargement of time. *Rules of Civil Procedure. Words*, "Shall."

A Superior Court judge has discretion to enlarge the period for filing the affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry required by G. L. c. 231, § 60J (formerly G. L. c. 231, § 60F), the "dramshop act," even though a plaintiff's request for the extension has not been made within ninety days of the date of filing a complaint. [421-423]

CIVIL ACTION commenced in the Superior Court Department on December 16, 1985.

Motions to dismiss, a motion to extend time for filing an affidavit, and a motion to amend complaint were heard by *George Jacobs*, J.

A proceeding for review by a single justice of the Appeals Court was heard by *Charlotte Anne Perretta*, J., and questions of law were reported by her. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Elizabeth N. Mulvey* for the plaintiff.

*Edward T. Hinchey* for Swansea Lounge, Inc.

*Robert E. Langway, Jr.*, for Princess House, Inc.

*Harvey Weiner & George C. Rockas*, for The Colonial Lounge, Inc., amicus curiae, submitted a brief.

LYNCH, J. In this case and another decided today, *Camacho-Ortiz v. Rodriguez, post* 1002 (1988), the primary issue is

---

[1] Princess House, Inc. Another defendant, John Pappas, Jr., is not a party to this appeal.

whether a Superior Court judge has discretion to enlarge the period for filing the affidavit required by G. L. c. 231, § 60F (1986 ed.) ("dramshop act").[2]

The plaintiff, Sheryl Croteau (Croteau), sustained a severe head injury in an accident on December 24, 1982, when the automobile in which she was a passenger smashed into the rear of a truck. On December 16, 1985, she filed an action alleging that the driver, John Pappas, Jr. (Pappas), became intoxicated at a corporate Christmas party held at the Swansea Lounge, Inc., doing business as Venus de Milo Restaurant (Swansea). The corporate host of the party was Princess House, Inc., doing business as Hampshire Lead Crystal (Princess House). Answers were filed by Princess House on February 14, 1986, by Pappas on March 5, 1986, and by Swansea on April 11, 1986. Thereafter, Swansea and Princess House moved to dismiss the complaint on the ground that plaintiff had failed to comply with the requirement in the "dramshop act" that she file with the complaint or "at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry." A Superior Court judge granted the defendants' motions and denied Croteau's motion to extend time to file an affidavit and to amend her complaint by refiling it with an affidavit on the ground that he was without power to extend the time for filing an affidavit. Croteau sought relief under G. L. c. 231, § 118 (1986 ed.), and a single justice of the Appeals Court reported questions to the Appeals Court.[3]

---

[2] The "dramshop act" was inserted by St. 1985, c. 223, § 17. By St. 1986, c. 351, § 24, "said chapter 231 [was] further amended by inserting after section 60E the following section," another § 60F, relating to medical malpractice. The text of the "dramshop act" now appears as G. L. c. 231, § 60J. See St. 1987, c. 465, § 60.

[3] As reported by the single justice of the Appeals Court, the question addressed here is: "Does a Superior Court judge have the power under G. L. c. 231, § 60F, to extend the time for filing the affidavit required by that statute where the request for the extension has not been made within ninety days of the date of filing of the complaint?" The other reported questions are: (2) "Can a Superior Court judge entertain a motion to amend a complaint under M.R.C[iv].P. 15(a), brought more than ninety days after the date of the filing of the original complaint where the only purpose of

We transferred the case to this court on our own motion and now remand to the Superior Court for further proceedings.

In pertinent part, the "dramshop act" provides: "Every action for negligence in the distribution, sale or serving of alcoholic beverages to a minor or to an intoxicated person shall be commenced in the superior court department and shall proceed according to the Massachusetts Rules of Civil Procedure unless otherwise provided for by this section. The plaintiff shall file, together with his complaint, or at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry." Relying upon the mandatory construction ordinarily accorded the legislative use of the word "shall," e.g., *Hashimi* v. *Kalil*, 388 Mass. 607 (1983); *Johnson* v. *District Attorney for the N. Dist.*, 342 Mass. 212 (1961), the defendants contend that the time limits pertaining to the affidavit requirement were intended as an exception to the general applicability of the Massachusetts Rules of Civil Procedure referred to in the first paragraph of the provision. Croteau, on the other hand, relies upon the same language to argue that, where the Legislature did not specify the sanction for failure to file an affidavit within ninety days, the drastic sanction of automatic dismissal should not be inferred from the use of the word "shall." Contrast G. L. c. 231, § 60B (1986 ed.).[4]

We think it plain that both the filing of the affidavit and the time requirement are mandatory. It does not follow, however,

---

the amended complaint is to meet the time requirements for filing an affidavit as required by G. L. c. 231, § 60F?" (3) "If the answers to Questions [1] and [2] are 'no,' then, does a Superior Court judge have the discretion or inherent judicial power to extend the time for the filing of the affidavit required by G. L. c. 231, § 60F, where the apparent objectives of that statute would not here be disserved by the granting of an extension requested more than ninety days after the date of the filing of the complaint?" In view of our resolution of the primary issue, we need not address these other questions.

[4] In relevant part, G. L. c. 231, § 60B, provides: "If a finding is made for the defendant . . . the plaintiff may pursue the claim through the usual judicial process only upon filing bond . . . . If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed."

that a court is without discretion to extend the ninety-day period in appropriate circumstances.

In *Goldstein* v. *Barron*, 382 Mass. 181 (1980), we dealt with a case in which a plaintiff failed to post the bond required by G. L. c. 231, § 60B, within the requisite thirty-day period. Despite the statutory directive that, "[i]f said bond is not posted within thirty days . . . *the action shall be dismissed*," (emphasis supplied) we held that "[a] corrective is available in appropriate situations. It is found in the principle of [Mass. R. Civ. P.] 6 (b), 365 Mass. 747 (1974), which permits 'enlargement' of time under stated conditions. . . . Although the rule is not applicable by its terms, it should be applied by analogy . . . ." *Goldstein* v. *Barron*, *supra* at 185-186. Certainly where the statute does not contain the mandatory dismissal language of § 60B, but does contain the admonition that the action be governed by the Massachusetts Rules of Civil Procedure, the result should not be otherwise.

There is no dispute that, similar to the procedural requirements of G. L. c. 231, § 60B, the procedural requirements of the "dramshop act" were designed to promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be reduced. See 1985 House Doc. No. 6508. Thus, in view of our decision in *Goldstein*, of which the Legislature is deemed to be cognizant, see *Dexter* v. *Commissioner of Corps. & Taxation*, 316 Mass. 31, 38 (1944), the statutory reference to the Massachusetts Rules of Civil Procedure, and the lack of provision for a specific sanction, it cannot be said that the Legislature intended to divest the judiciary of the sort of discretion accorded by rule 6 (b). Moreover, while by analogy to rule 6, a motion to enlarge time made after the expiration of the specified period may be denied for lack of excusable neglect, see *Mailer* v. *Mailer*, 387 Mass. 401, 406 (1982), the court is not without discretion to enlarge the time for filing an affidavit pursuant to the "dramshop act" simply because said motion is not made within ninety days of the filing of the complaint. We should caution, however, that the allowance of the motion rests with the sound discretion of the trial judge who may condition the

exercise of this discretion on the plaintiff's amelioration of any prejudice to the defendant arising out of the plaintiff's failure to act in a timely manner.

The judgment of the Superior Court dismissing the complaint is vacated and the case is remanded for further proceedings.

*So ordered.*