KEMPTON HOWLAND, individually and as executor, & another[1] *vs*. CAPE COD BANK AND TRUST COMPANY.[2] No. 87-749. August 8, 1988. *Probate Court*, Parties, Standing. *Will*, Allowance. *Practice, Civil*, Affidavit.

Carrie K. Cook executed what purported to be her last will on August 30, 1985, when she was 109 years old, and died on May 31, 1986, at the age of 110 years. She left, as her heirs at law and next of kin, three living daughters (Georgia Ferguson, Hilda C. Swift, and Barbara C. Henry) and the two living children of a then deceased daughter (Katherine C. Howland), viz., Kempton S. Howland, Jr., a grandson, and Meredith K. Howland, a granddaughter.

The instrument executed by Mrs. Cook on August 30, 1985, left one third of the residue of her estate to each of two of her daughters, Mrs. Swift and Mrs. Henry (and to each such daughter's surviving issue per stirpes, if that daughter should not survive her mother). The instrument omitted any gift to the two living children of the deceased daughter (Katherine C. Howland). One sixth of the residue, however, was left to each of the two children of Mrs. Ferguson.

On June 9, 1986, a petition for probate of the instrument of August 30, 1985, was filed, and on July 8, 1986, an attorney for Kempton Howland and Kempton Howland, Jr. (only the latter of whom would appear to have "standing" as a contestant) filed an appearance objecting to the allowance of the instrument as Mrs. Cook's will. On August 8, 1986, the same attorney filed *his own* affidavit stating what purported to be the contestant's grounds of objection. One of the averments of this affidavit was that the omission of the Howland children from the will was "procured to be made through the undue influence of Georgia Ferguson . . . in an effort to obtain more for her two sons" to the detriment of the interests of the Howland children.

On October 29, 1986, a deposition of the same attorney was taken by counsel for the proponent of the will in which the attorney for the contestant admitted that he had never had any direct contact with the decedent, Mrs. Cook, and had no direct knowledge of any of the matters asserted in his affidavit. All of these matters had been communicated to him by one of his clients. The attorney's contention is that his affidavit as attorney "setting forth facts disclosed by the client to the attorney . . . satisf[ies] the require-

---

[1] Kempton Howland, Jr.

[2] Proponent of the will of Carrie K. Cook.

ment of Probate Court Rule 16, even if the attorney lacks personal knowledge of the disclosed facts." We reject this contention.

The provisions of Probate Court General Rule 16 as amended, effective January 2, 1987 (and the history of its adoption), have been discussed in *Wimberly* v. *Jones, ante* 944 (1988). Pertinent provisions of the rule itself have been set out in an appendix to the *Wimberly* rescript.

Counsel for the proponent of the will on January 20, 1987, filed a motion to strike the Howland objections to the allowance of the will on the ground that their counsel's affidavit did not satisfy the requirements of rule 16. This motion was allowed by a probate judge on March 17, 1987. The judge filed a "voluntary report" in which he found that the contestant's attorney had no direct personal knowledge concerning the facts included in his affidavit, and "the affidavit does not state with specificity the objections to the allowance of the will as required by the [r]ule." For both reasons the judge correctly struck the appearances of the persons objecting and allowed the petition to probate the will. Appeals from these actions (perhaps later modified temporarily, as suggested below) are before us.

We read rule 16 as requiring an "affidavit" (a word which implies a statement *under oath* by a person having direct knowledge of the facts which he verifies, except as otherwise clearly stated in the affidavit itself). The history of rule 16 (see the *Wimberly* case, *ante* at n.4) is entirely consistent with this interpretation of the rule.

Such an interpretation also is proper under Probate Rule 28, that in "probate cases any matter that is *not required* to be signed under oath . . . may be signed by counsel of record." (emphasis supplied). As already stated, the word "affidavit" implies a requirement of verification by oath or under the penalties of perjury.

The case is remanded to the Probate Court, where the allowance of the petition on March 17, 1987, and the appointment on that day of the executor named in the will, each apparently vacated temporarily on April 29, 1987, are to be reinstated and affirmed, after any further appropriate proceedings consistent with this rescript.

*So ordered.*

*Daniel M. Blackmon* for Kempton Howland, Jr., & another.
*Robert A. Bianchi* for the proponent.