JOY ADZIGIAN HOBBS & others *vs.* LYDIA W. CARROLL & another. No. 92-P-609. June 18, 1993. *Probate Court*, Parties, Standing. *Will*, Allowance.

Agnes Bogosian died on January 26, 1990, at the age of eighty-five. She left a will dated October 20, 1989, which superseded a will dated September 11, 1973, and radically changed the bequests. Proponents of the later will (Carroll et al.) petitioned for probate on May 3, 1990, returnable on May 21, 1990. Contestants (Hobbs et al.), who appear to have "standing" to contest that will, see *Wimberly* v. *Jones*, 26 Mass. App. Ct. 944, 946 (1988), entered their appearance by their attorney on May 21, 1990, and on June 12, 1990, the attorney filed an affidavit of objections sworn to by himself. Proponents and contestants thereupon engaged in considerable discovery.

On August 8, 1991, fourteen months after the filing of the affidavit of objections, the proponents moved to strike the objections (as well as the contestants' appearance).[1] The proponents asserted that the affidavit of objections did not comply with Rule 16(a) of the Probate Court Rules, as amended (1987), in that it set out the objections — testatrix's incompetence and undue influence upon her — in broad terms, rather than "stating the specific facts and grounds upon which the objection is based," as required by the rule; moreover, said the proponents, the affidavit should not have been sworn by the attorney who presumably did not have per-

---

[1]The proponents had filed a motion to strike on June 3, 1991, but no hearing occurred.

sonal knowledge of the facts. See *Howland* v. *Cape Cod Bank & Trust Co.*, 26 Mass. App. Ct. 948, 949 (1988).

Opposing the motion to strike,[2] the contestants could not fairly argue that their objections had been alleged with proper specificity. By way of palliation, if not excuse, the attorney, by fresh affidavit, stated and exemplified that, before filing the objections, he had conducted interviews and gathered information that might have furnished a proper basis for "specific facts and grounds." More important, the contestants placed on file the copious results of the discovery that had been conducted by the parties, canvassing the case as a whole.

The judge, by order of September 6, 1991, allowed the proponents' motion to strike the objections and appearance. The contestants moved for reconsideration and for leave to file an amended affidavit of objections to contain specific allegations and to be sworn by one of the contestants with personal knowledge. The text of a proposed amended affidavit of objections was annexed to the motion for reconsideration. The judge denied the motion by order of October 9, 1991.

In our view, it was error, an abuse of discretion, for the judge to deny leave to amend. The objections, as originally filed, did indeed offend against the rule which was intended, through its requirement of specificity, to help screen out frivolous attacks on wills. See *Wimberly* v. *Jones*, 26 Mass. App. Ct. at 947-948. Here, however, the proponents waited for a year or more to point to the problems with the objections. In the meanwhile the proponents as well as the contestants had carried on extensive discovery, and it appears that the contestants may be able to come forward with amended objections that will satisfy the purpose as well as the terms of the probate rule. In the circumstances, to give them this opportunity is consonant with Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), to which we look for analogy. It bespeaks liberality in allowing amendment of pleadings. Surely the proponents cannot claim that they have been prejudiced in their preparation of the case.

The *Wimberly* and *Howland* cases, where objections were struck, are consistent with our decision. In neither case were the contestants evidently prepared to present "specific facts and grounds"; they did not move to amend for that purpose; and in *Wimberly* we referred pointedly, 26 Mass. App. Ct. at 946, to the absence on the record of "offers of proof" or "any request for leave to take a discovery deposition."

The orders appealed from are reversed; the contestants' appearance is restored; and they have leave within thirty days of the date hereof to serve and file amended objections.[3]

*So ordered.*

---

[2]Together with their opposition, the contestants moved for a pretrial conference in accordance with Probate Court Rule 16(c), as amended (1987).

[3]It is not for us, but for the judge of probate, to pass on the sufficiency of the amended objections that may be tendered.

*Joan M. Griffin* for the plaintiffs.
*Sumner H. Smith* for the defendants.