Nelson COURTEMANCHE, Plaintiff,

v.

BEIJING RESTAURANT, INC. d/b/a Beijing Restaurant and Loungè and Leepen Entertainment, Inc. d/b/a Club 125, Defendants/Third–Party Plaintiffs,

v.

99 Restaurants of Boston, LLC, Asian Bay One, LLC, North Andover Restaurant, Inc. and Thelma Phalan, Third–Party Defendants.

Civil Action No. 06–11356–NMG.

United States District Court, D. Massachusetts.

May 21, 2007.

Dina B. Browne, Lamb and Browne, Holliston, MA, for Cross Claimant.

Gregory T. Donoghue, Preti Flaherty Beliveau Pachios & Haley, Timothy J. Perry, Perry, Krumsiek & Jack, LLP, Boston, MA, for Plaintiff.

Scott L. Masse, Law Office of Scott L. Masse, Peabody, MA, Sara P. Bryant, Thomas S. Vangel, Murtha Cullina LLP, Boston, MA, Daniel J. Shanahan, Gibson & Behman, P.C., Burlington, MA, for Third–Party Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This is an action for wrongful death brought by Nelson Courtemanche, the administrator of the estate of Dawn Kershaw ("Kershaw"). Currently pending before the Court is a motion of a third-party defendant to dismiss pursuant to Fed. R.Civ.P. 12(b)(6).

### I. *Background*

On August 4, 2006, Plaintiff Nelson Courtemanche filed a complaint against Beijing Restaurant, Inc. ("Beijing Restaurant") and Leepen Entertainment, Inc. alleging wrongful death. According to the Complaint, on July 28, 2004, she was grossly and unlawfully over-served alcoholic beverages at Beijing Restaurant. Upon departing the restaurant, she staggered into the roadway and was struck by an oncoming car. The driver of that vehicle, Leslie Cirrone ("Ms.Cirrone"), was allegedly over-served alcoholic beverages at Club 125, an establishment owned by Leepen Entertainment, Inc. On July 29, 2004, Kershaw died from the injuries sustained in the pedestrian accident.

The complaint alleges that the wanton, reckless and/or negligent over-service of alcohol to Kershaw by Beijing Restaurant and to Ms. Cirrone by Club 125 were

substantial contributing causes to Kershaw's death. On October 13, 2006, Defendant Beijing Restaurant filed a third-party complaint against North Andover Restaurant, Inc., 99 Restaurants of Boston ("99 Restaurants"), Asian Bay One, LLC and Thelma Phalan seeking indemnification and/or contribution. 99 Restaurants moves the Court to dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. *Analysis*

### A. Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Epstein v. C.R. Bard, Inc.,* 460 F.3d 183, 187 (1st Cir.2006)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Com. Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

### B. Discussion

Third-party defendant 99 Restaurants contends that dismissal is required because 1) 99 Restaurants and Beijing Restaurant are joint tortfeasors and thus there can be no indemnification and 2) Beijing Restaurant is not entitled to contribution because it failed to comply with the statutory procedural requirements.

### 1. Indemnification Claim

■ With respect to its first argument, 99 Restaurants correctly contends that an indemnity claim is inappropriate here. The law clearly states that a tort-based theory of indemnification is available only when

the party seeking it was merely passively negligent while the would-be indemnitor was actively at fault ... '[p]assive negligence' has been limited to instances in which the indemnitee was vicariously or technically liable ... [w]here the party seeking indemnification was itself guilty of acts or omissions proximately causing the plaintiff's injury, tort indemnification is inappropriate.

*Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Auth.,* 693 F.2d 1, 3 (1st Cir.1982)(internal citations omitted).

In this case, Beijing Restaurant does not deny that it served alcohol to Kershaw. Rather, it seeks indemnification because it contends that the acts of other parties (the third-party defendants, including 99 Restaurants) caused Kershaw to arrive at its restaurant already intoxicated. This argument is unavailing. There are no circumstances under which Beijing Restaurant is entitled to indemnification from 99 Restaurants. If the trier of fact determines that Beijing Restaurant is at fault, it cannot be indemnified for its own negligence and if Beijing Restaurant is without fault, the indemnification question is moot.

### 2. Contribution Claim

■ Second, 99 Restaurants contends that the contribution claim should be dis-

missed because Beijing Restaurant failed to submit with its claim an affidavit as required by Mass. Gen. Laws ch. 231, § 60J. Beijing Restaurant responds that 1) the statutory provision does not apply to a third-party plaintiff and 2) even if it does apply, the counterclaim is sufficient because Beijing Restaurant relies on the affidavit of Ms. Gurley ("Gurley Affidavit"), a friend of Kershaw, that was submitted by the plaintiff. Moreover, if the Court concludes that Beijing Restaurant failed to comply with the statutory requirement, it moves the Court to grant it additional time to file an appropriate affidavit.

The so-called "Dram Shop Act" states that in every action for negligence in the sale or serving of alcoholic beverages to an intoxicated person:

> The plaintiff shall file, together with his complaint, or at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry.

Mass. Gen. Laws ch. 231, § 60J. In order for 99 Restaurants to be found liable, there must be some evidence indicating that it knew or should have known that it was serving alcoholic beverages to an intoxicated patron. See *Cimino v. Milford Keg. Inc.*, 385 Mass. 323, 327–28, 431 N.E.2d 920 (1982).

As an initial matter, there is no support for Beijing Restaurant's argument that the statute applies to plaintiffs, exclusive of third-party plaintiffs. The procedural requirements of the Dram Shop Act are intended to "promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be reduced." *Croteau v. Swansea Lounge, Inc.*, 402 Mass. 419, 422, 522 N.E.2d 967 (1988)(citing 1985 House Doc. No. 6508). Beijing Restaurant's interpretation of § 60J, which would require affidavits of only original plaintiffs, is inconsistent with that general intent to decrease frivolous law suits. The Court concludes, therefore, that the provision applies to both third-party plaintiffs and plaintiffs alike.

■ Beijing Restaurant's second argument (that the Gurley Affidavit satisfies the statutory requirement) is a closer question. Both parties agree that while Beijing Restaurant did not serve a separate affidavit accompanying the third-party complaint, it provided 99 Restaurants with a copy of the Courtemanche complaint and accompanying exhibits, including the Gurley Affidavit (copy provided with the motion to dismiss). 99 Restaurant maintains that the Gurley affidavit fails to make sufficient allegations that it was on notice that Kershaw was intoxicated.

Looking at the Gurley Affidavit, the only express reference to 99 Restaurants is in the following paragraph:

> When we arrived at North Andover, Ms. Kershaw showed me parts of the town where her friends resided. We then went to the 99 Restaurant & Pub on Route 125 in North Andover. We were at the 99 Restaurant & Pub for approximately two hours. Ms. Kershaw consumed beer at the 99 Restaurant & Pub.

99 Restaurants argues, and the Court agrees, that the above statements alone fail to state facts sufficient to raise a legitimate question of liability. There are no allegations about Kershaw's demeanor, behavior or her consumption to indicate that 99 Restaurants was or should have been on notice of her intoxication. Beijing Restaurant responds that while there is little detail regarding Kershaw's behavior at 99 Restaurants, the Gurley Affidavit does indicate that Kershaw consumed two Rum and Coca–Cola beverages before arriving. It contends that it is possible to infer from the facts in the Gurley Affidavit that Ker-

shaw was intoxicated and that 99 Restaurants was on notice of her intoxicated state when it served beer to her.

In addressing a motion to dismiss, the Court accepts a plaintiff's allegations as true and if, "under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994). That said, the issue here is not simply whether the allegations in the third-party complaint are adequate but whether Beijing Restaurant complied with the particular statutory requirements of § 60J. As mentioned above, that provision was intended by the legislature to reduce the incidence of frivolous claims by requiring an affidavit which "sets forth sufficient facts to raise a legitimate question of liability". Given the specific intent of the legislature, this Court understands the affidavit requirement to necessitate more than what is sufficient to survive a motion to dismiss.

The Gurley Affidavit states that Kershaw "consumed approximately 2 Rum and Coca–Cola beverages" during the two hour drive between Jewett City and North Andover. Upon arriving in North Andover, the two women visited parts of the town where Kershaw's friends lived before visiting 99 Restaurants. They remained in that establishment for two hours during which Kershaw "consumed beer" and then continued on their night out at the Beijing Restaurant.

Although it may be inferred that Kershaw *might* have been intoxicated while at 99 Restaurants and that her conduct *might* have put 99 Restaurants on notice of her intoxication, the § 60J requirement was intended to limit such deductive guesswork. That provision clearly places the burden on the plaintiff (or third-party plaintiff) to make basic factual allegations to raise a question of liability. The Court concludes, therefore, that the Gurley Affi-

davit does not succeed in fulfilling that burden.

## ORDER

For the foregoing reasons, the motion of third-party defendant 99 Restaurants to dismiss the third-party complaint (Docket No. 11) is **ALLOWED,** without prejudice. Third-party plaintiff Beijing Restaurant may file, on or before June 21, 2007, an affidavit which comports with the requirements of Mass. Gen. Laws ch. 231, § 60J.

**So ordered.**