NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11958

HOWARD H. BAYLESS, administrator,[1]  vs.  TTS TRIO CORPORATION[2] & others.[3]


Worcester.      January 11, 2016. - April 28, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, & Hines, JJ.


Alcoholic Liquors, Sale to intoxicated person.  Negligence, Serving alcoholic liquors to guest.  Practice, Civil, Affidavit.


Civil action commenced in the Superior Court Department on April 14, 2014.

Motions to strike an affidavit and for partial summary judgment were heard by Richard T. Tucker, J.

Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by Peter J. Agnes, Jr., J.  The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Scott T. Ober (Margarita I. Warren with him) for the defendants.

_____

[1] Of the estate of Herman T. Bayless, Sr.

[2] Doing business as Kaizen Restaurant.

[3] Thuc Tang, Son Vo, and Chau Ho.

Ernest E. Wessell for the plaintiff.

Annette Gonthier Kiely, Thomas R. Murphy, Erin K. Thurston, & Lisa DeBrosse Johnson, for Massachusetts Academy of Trial Attorneys, amicus curiae, submitted a brief.

SPINA, J.  In this case, we are asked to determine whether an affidavit submitted pursuant to G. L. c. 231, § 60J (commonly referred to as the dram shop act), must be a sworn statement based upon personal knowledge.[4]  Section 60J prescribes the procedural requirements applicable to "[e]very action for negligence in the distribution, sale or serving of alcoholic beverages to a minor or to an intoxicated person."[5]  Pursuant to

---

[4] We acknowledge the amicus brief submitted by the Massachusetts Academy of Trial Attorneys in support of the plaintiff.

[5] General Laws c. 231, § 60J, provides in pertinent part:

"Every action for negligence in the distribution, sale or serving of alcoholic beverages to a minor or to an intoxicated person shall be commenced in the superior court department and shall proceed according to the Massachusetts Rules of Civil Procedure unless otherwise provided for by this section.

"The plaintiff shall file, together with his complaint, or at such later time not to exceed ninety days thereafter, an affidavit setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry.

"Any party may make a motion for summary judgment pursuant to Rule 56 of the Massachusetts Rules of Civil Procedure[, 365 Mass. 824 (1974)].  Any such motion shall be heard and decided promptly after issue is joined as to any party, unless the court enlarges the time for discovery.  Said enlarged time for discovery shall not exceed ninety days, except on further order of the court."

§ 60J, within ninety days of filing his or her complaint, a plaintiff must file an affidavit "setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry."  Herman T. Bayless, the plaintiff's decedent, was killed in a one-car accident after leaving a restaurant owned by the defendants where he had consumed alcoholic beverages.  The plaintiff alleged that prior to his decedent's fatal motor vehicle accident, the defendants exhibited negligent, wilful, wanton, and reckless conduct by selling and serving alcoholic beverages to the decedent while he was obviously intoxicated, and that such conduct was the proximate cause of the decedent's death.  The plaintiff submitted an affidavit pursuant to § 60J (§ 60J affidavit) that was signed by the plaintiff's counsel.  The affidavit stated that it was based on information and belief gathered from witness statements, a police report, and a medical toxicology report.  The defendants argue that an affidavit submitted pursuant to § 60J must be based upon personal knowledge.  For the reasons that follow, we conclude that an affidavit based on information and belief may be sufficient to satisfy the requirements of § 60J, and that in this case it was.

1.  Background.  We summarize the facts alleged in the § 60J affidavit submitted by the plaintiff.[6]  On April 14, 2011, Howard H. Bayless was killed in a one-car accident when he drove in an intoxicated state shortly after leaving Kaizen Sushi Bar and Grill (restaurant), which was owned and operated by the defendants.  The accident occurred at approximately 9:04 P.M. on a clear and straight road.  The decedent's estimated speed at the time of the accident was seventy-nine miles per hour in a thirty miles per hour zone.

The decedent was a frequent patron of the restaurant, and was observed on numerous occasions to drink strong alcoholic beverages to excess, causing him to become loud and boisterous and to exhibit impaired speech and coordination.  On several occasions, friends and family of the decedent observed him leaving the restaurant in an obviously intoxicated condition, intending to drive home.  The decedent was served regularly by an unnamed bartender, Jane Doe, who would often engage in lengthy conversations with the decedent.[7]  Jane Doe often would continue to serve the decedent alcoholic beverages when he was noticeably intoxicated.  On one occasion, the decedent was at

---

[6] The defendants sought to strike the entire affidavit as insufficient and therefore did not present any facts or evidence in support of their motion for partial summary judgment.

[7] Friends and family did not know the bartender's full name but she was familiar to them.

the restaurant with his two minor daughters when he became obviously intoxicated. One daughter began to cry, and when Jane Doe asked her why, she said that it was because her father was intoxicated. Despite the daughter's stated concern, Jane Doe continued to serve the decedent alcoholic beverages.

On the day of the accident, the decedent was at the restaurant from approximately 2 P.M. until 8:50 P.M. Other witnesses observed and spoke with him during that time. One witness who knew the decedent well saw him at the restaurant at approximately 4 P.M. until the witness left at 6 P.M. During this time, the witness observed the decedent drink several alcoholic beverages and saw Jane Doe serve him these beverages. At the time, the decedent was being loud and gregarious. One of the decedent's daughters telephoned him four times while he was at the restaurant to tell him to stop drinking and return home for a family barbecue. At 6:30 P.M., during one of her telephone calls, she noticed that his speech was slurred and he was very "loud and boisterous." Because she had seen her father intoxicated on prior occasions, she concluded that he was highly intoxicated. When she requested that he stop drinking and return home, he handed the cellular telephone to Jane Doe, who attempted to ease the daughter's concerns. The daughter reiterated that she would like her father to stop drinking and return home. At approximately 6 P.M. on that day, a former

employee of the decedent had arrived at the restaurant to have dinner. After dinner, he sat with the decedent and ordered a drink. The decedent's demeanor was loud and he was stumbling over words. Jane Doe, with whom the witness was familiar, told the witness that she was concerned about the decedent because he had not eaten anything and was intoxicated. The witness saw Jane Doe offer the decedent food, but he refused to eat. Subsequently, the witness saw Jane Doe continue to serve the decedent alcoholic beverages, which he consumed. The witness left the restaurant at approximately 8:45 P.M. The police determined that the decedent purchased twelve drinks while he was at the restaurant. At approximately 9 P.M., the decedent telephoned his daughter and told her that he was on his way home. He said he was on Cedar Street. During this telephone call, the daughter noticed that the decedent's speech was slurred and she had difficulty understanding him. At approximately 9:04 P.M., the decedent lost control of his vehicle and crashed on Cedar Street, approximately two miles from home. He died at the scene as a result of multiple traumatic injuries.

The plaintiff filed a complaint under the Commonwealth's wrongful death statute, G. L. c. 229, § 2. He later filed an affidavit, pursuant to § 60J, after a Superior Court judge

granted his motion to extend time to file the affidavit.[8]  The defendants moved to strike the plaintiff's affidavit and for partial summary judgment of the plaintiff's complaint, based on the insufficiency of the submitted affidavit.  A second judge in the Superior Court denied the defendants' motion, concluding that a § 60J affidavit need not be based on personal knowledge and that an affidavit based on information and belief may be sufficient to satisfy § 60J.  The defendants filed a petition for interlocutory relief, which a single justice of the Appeals Court allowed.  We transferred the case to this court on our own motion.

2.  Discussion.  We review the outcome of a motion for summary judgment de novo "to determine whether all material facts have been established such that the moving party is entitled to judgment as a matter of law."  American Int'l Ins. Co. v. Robert Seuffer GmbH & Co. KG, 468 Mass. 109, 113, cert. denied, 135 S. Ct. 871 (2014).  At issue in this case is the procedural requirement under § 60J that the plaintiff must file, either with the complaint or within ninety days thereafter, an affidavit "setting forth sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry." Submission of a timely affidavit is required, but in

---

[8] The defendants filed a motion to vacate the judge's order extending the time to file an affidavit.  The motion was denied.

"appropriate circumstances" a judge has the discretion to extend the ninety-day period.[9]  Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 421-422 (1988).  The statute does not define the word "affidavit," nor does it provide guidance as to what standard the affidavit must meet to be considered sufficient.  The question is one of first impression.  The defendants argue that an appropriate § 60J affidavit must be a sworn statement based on personal knowledge because that is the plain and unambiguous meaning of the term "affidavit," and therefore, the plaintiff's affidavit is insufficient.

"When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . .  We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions" (citation omitted).  Commonwealth v. Zone Book, Inc., 372 Mass. 366, 369 (1977).  Generally, affidavits must be made on the affiant's personal knowledge.  However, this does not mean that an affidavit based

---

[9] The defendants raise the timeliness of the plaintiff's affidavit in their statement of issues presented on appeal.  However, they do not advance any argument as to this issue.  It is deemed waived.  See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Commonwealth v. Horton, 434 Mass. 823, 836 n.15 (2001).  In any event, the issue is without merit.  A trial judge has discretion to extend the ninety-day period.  Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 421-422 (1988).

upon the information and belief of the affiant is never accepted by courts.  There are various instances where an affidavit based upon information and belief is accepted.  See, e.g., Commonwealth v. Long, 454 Mass. 542, 551 n.10 (2009) (application for wiretapping may be based on personal knowledge or information and belief); Knott v. Racicot, 442 Mass. 314, 324-325 (2004) (affidavit submitted with motion for relief from judgment based on information and belief); Commonwealth v. Lampron, 441 Mass. 265, 270-271 (2004) (notwithstanding requirement of Mass. R. Crim. P. 13 [a] [2][, as appearing in 442 Mass. 516 (2004),] that affidavits be on personal knowledge of affiant, affidavit in support of motion seeking documentary evidence may be on information and belief provided it is based on specific and reliable known sources); Sher v. Desmond, 70 Mass. App. Ct. 270, 281 (2007) (affidavit submitted with grandparent visitation complaint based on information and belief).  Although § 60J does not provide guidance regarding the form and substantive requirements for the affidavit, it incorporates the Massachusetts Rules of Civil Procedure.  Rule 11 (e) of the Massachusetts Rules of Civil Procedure, as amended, 456 Mass. 1401 (2010), provides some guidance for instances such as this, when a statute requires an affidavit to be filed.  The rule states that when an affidavit is permitted or required to be filed it may be made "by the party, or by a

person having knowledge of the facts for and on behalf of such party."  One commentator has observed that rule 11 (e) permits affidavits based on something other than personal knowledge, particularly where a statute requires an affidavit without specifying that it be based on the personal knowledge of the affiant.  See J.W. Smith & H.B. Zobel, Rules Practice § 23.1.3 (2d ed. 2006).  We recognize that in some instances affidavits may be based on sources other than personal knowledge.

The defendants argue that the plain meaning of the term "affidavit" was established in Howland v. Cape Cod Bank & Trust Co., 26 Mass. App. Ct. 948, 949 (1988), and should be applied here.  Howland was a case that involved a will contest and an affidavit submitted pursuant Rule 16 of the Supplemental Rules of the Probate Court, as amended (1987).  Id.  The court observed that the term "affidavit" is "a word which implies a statement under oath by a person having direct knowledge of the facts which he verifies, except as otherwise clearly stated in the affidavit itself."  Id.  The defendants contend that this definition requires that the affidavit be based on personal knowledge and should be applied to § 60J affidavits.  To support their argument, the defendants cite two Superior Court decisions that adopted Howland's definition.  We are not persuaded. Howland does not mandate an affidavit to be based on personal knowledge in every circumstance.  Howland contemplates that

affidavits will be based on direct knowledge "except as otherwise clearly stated in the affidavit itself." Id. By simply stating in the affidavit that it is based on information and belief, the affidavit would be sufficient under the definition articulated in Howland. In addition, the two Superior Court cases that the defendants rely on do not interpret Howland's definition of "affidavit" as requiring affidavits submitted pursuant to § 60J to be based on personal knowledge. We have reviewed the two cases; they actually concluded that § 60J does not require an affidavit to be based on personal knowledge.

The defendants next argue that because of the specific reference to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), in the third paragraph of § 60J, the plaintiff's affidavit must comport with the requirements of rule 56 (e).[10] The defendants' argument would require the affidavit to be based on personal knowledge and set forth facts that would be admissible in evidence. This argument has no merit.

---

[10] Rule 56 (e) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

The standard articulated in § 60J is different from the standard a party must meet to succeed in a motion for summary judgment. Section 60J requires an affidavit to contain "sufficient facts to raise a legitimate question of liability appropriate for judicial inquiry," whereas rule 56 (e) requires an affidavit to contain "specific facts showing that there is a genuine issue for trial." Moreover, the affidavit required under § 60J is intended for use at the initial stages of litigation and precedes formal discovery, whereas an affidavit in support of a motion for summary judgment typically follows formal discovery. It would be impractical to require a party to submit an affidavit conforming with rule 56 (e) requirements at the outset of the litigation when there has not been any formal discovery. The purpose of § 60J is to help eliminate frivolous claims at the early stage of litigation. If a rule 56 (e) standard is required at the outset, many viable claims may be stymied because the requisite information needed to proceed will require discovery, and personal knowledge may be elusive without discovery due to the nature of the cause of action.[11] In

_____

[11] If the affidavit under § 60J must be based upon personal knowledge, this would hinder plaintiffs who were so intoxicated when they were at the establishment that they do not remember what happened or, as here, the estate of a decedent who allegedly died while driving under the influence of alcohol. This also would hinder plaintiffs who were injured as a result of a patron being overserved at an establishment because, presumably, the plaintiff would not have personal knowledge of

addition, the statute specifically provides an opportunity for the defendants to file a motion for summary judgment. The logical and plain reading of the statute suggests that the affidavit required by § 60J need not meet the summary judgment standard at the outset of litigation because the defendants have a subsequent opportunity to file a motion for summary judgment. This case is similar to Sher, 70 Mass. App. Ct. at 278, where the Appeals Court concluded that the affidavit required when filing a complaint for grandparent visitation does not have to meet a summary judgment standard because it is required at the initial stages of the action and is "filed prior to the initiation of any formal postcomplaint discovery." The court noted that the summary judgment procedure "remains otherwise available to a parent." Id. We conclude that a § 60J affidavit need not comply with rule 56 (e) requirements.[12] The § 60J

---

what happened at the establishment prior to his or her injuries. Both of these situations are plausible under § 60J.

[12] The defendants also take issue with the fact that the plaintiff's counsel signed the § 60J affidavit, where the plaintiff is the administrator of the decedent's estate. If the statute were interpreted to mean that only the plaintiff could be the affiant, many valid claims would not be viable because of the reasons already articulated in this opinion. See Courtemanche v. Beijing Restaurant, Inc., 490 F. Supp. 2d 107, 110 (D. Mass. 2007). The defendants further argue that if the plaintiff's counsel is allowed to sign the affidavit, any dram shop negligence complaint will proceed to trial unless there is evidence of counsel's intentional "design to defraud or to seek an unconscionable advantage." Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 416 (1998). This argument has no

affidavit must, however, provide identifiable sources of information that are reasonably reliable, and set forth details of that information.  See Lampron, 441 Mass. at 270-271.

The defendants also argue that the affidavit did not set forth sufficient facts to raise a legitimate question of liability.  We first address the standard of review.  We already have decided that the affidavit need not meet a rule 56 (e) standard at this stage in the litigation.  However, the standard of review applicable to a § 60J affidavit is higher than the standard of review applicable to a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which is concerned

---

merit.  The legal analysis is the same for § 60J despite the fact it is the plaintiff's counsel who is signing the affidavit. The affidavit still would be evaluated for whether the plaintiff has put forth sufficient facts to raise a legitimate question of liability.  Because it was the plaintiff's attorney who signed the affidavit, Mass. R. Civ. P. 11 (a), as amended, 456 Mass. 1401 (2010), would apply, stating, "[t]he signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay."  We conclude that plaintiff's counsel conducted a diligent investigation and is an appropriate individual to sign an affidavit under § 60J.

The defendants also argue that the affidavit is not sworn to or signed under the pains and penalties of perjury.  We agree with the Superior Court judge that because an affidavit submitted upon information and belief is sufficient to satisfy § 60J, to require an affiant to swear to these facts would be inapposite.

with the sufficiency of the pleadings.[13]  In contrast, the purpose of the procedural requirements in § 60J is to "promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be reduced."  Croteau, 402 Mass. at 422.  The purpose of § 60J would not be served if the standard of review was the same as that applicable to a motion to dismiss.  Courtemanche v. Beijing Restaurant, Inc., 490 F. Supp. 2d 107, 111 (D. Mass. 2007) ("Given the specific intent of the legislature, this Court understands the affidavit requirement to necessitate more than what is sufficient to survive a motion to dismiss").  Section 60J requires a showing that the complaint raises a legitimate question of liability.  As previously discussed, the § 60J affidavit must provide identifiable sources of information that are reasonably reliable, details of that information, and an assurance that the complaint is not frivolous.

The defendants next contend that the standard of review should be similar to that applicable to procedural requirements

---

[13] "In reviewing the sufficiency of a complaint under [Mass. R. Civ. P.] 12 (b) (6), 365 Mass. 754 (1974), '[w]e take as true "the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor . . . ." Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011), S.C., 466 Mass. 156 (2013), quoting Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 (2004).  "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief . . . ." Golchin, supra, quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

for medical malpractice claims.  G. L. c. 231, § 60B.  The purpose of § 60B is to discourage frivolous claims and to "ensure the continued availability of medical malpractice insurances at a reasonable cost," Vasa v. Compass Med., P.C., 456 Mass. 175, 178 (2010), quoting Paro v. Longwood Hosp., 373 Mass. 645, 647 (1977), which is somewhat similar to the purpose of § 60J.  See Croteau, 402 Mass. at 421-422 ("designed to promote the availability of liability insurance by establishing mechanisms whereby the incidence of frivolous claims might be reduced").  Section 60B requires every malpractice action to be heard by a tribunal where the plaintiff will make an "offer of proof" and the tribunal decides "if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry."  In both §§ 60B and 60J, the plaintiff must provide facts that raise a legitimate question of liability.  The defendants argue that in Little v. Rosenthal, 376 Mass. 573, 578 (1978), this court decided that the phrase "legitimate question of liability" in § 60B created a heightened pleading standard that is analogous to a judge deciding a defendant's motion for a directed verdict. Because § 60J has the same language, the defendants argue, the heightened pleading standard should be adhered to when judges are evaluating affidavits under § 60J.  We disagree.

Although there are similarities in the two statutes, there is one major difference that is fatal to the defendants' argument. In Little, this court held that the standard used by the medical malpractice tribunal is akin to that of a judge deciding a motion for directed verdict because of the tribunal's role of evaluating evidence, not because of the "legitimate question of liability" language. Id. at 578. Section 60B requires the tribunal to evaluate evidence submitted by the plaintiff. Id. The statute permits the tribunal to "summon or subpoena any such records or individuals to substantiate or clarify any evidence which has been presented before it." G. L. c. 231, § 60B. In contrast, § 60J merely requires the plaintiff to file an affidavit that includes sufficient facts to raise a "legitimate question of liability appropriate for judicial inquiry." There is no language in § 60J indicating that the judge's role in this context includes an evaluation of evidence. Because § 60J does not require plaintiffs to present evidence as does § 60B, we decline to adhere to the same standard applied by tribunals in evaluating medical malpractice causes of action.

We now decide whether the facts set out in the plaintiff's affidavit sets forth sufficient facts to raise a legitimate question of liability. The defendants' liability is grounded on the common law of negligence. Cimino v. Milford Keg, Inc., 385

Mass. 323, 327 (1982).  To demonstrate the defendants'
liability, the plaintiff must prove that the decedent was

> "(1) a patron of premises (2) who is served intoxicating
> liquors (3) while he is intoxicated (4) and under
> circumstances from which the defendant knew or reasonably
> should have known that he was intoxicated when served (5)
> operates a motor vehicle while intoxicated (6) such
> operation was reasonably foreseeable by the defendant (7)
> and a person of ordinary prudence would have refrained from
> serving liquor to that patron in the same or similar
> circumstances (8) and such operation causes the plaintiff's
> death or injury within the scope of the foreseeable risk."

Id. at 331 n.9.  The defendants argue that the plaintiff has not
put forth sufficient facts to establish that the decedent was
obviously intoxicated at the time he was last served.  "To
prevail in a dram shop case, a plaintiff must prove by a
preponderance of the evidence that the patron in question was
exhibiting outward signs of intoxication by the time he was
served his last alcoholic drink."  Rivera v. Club Caravan, Inc.,
77 Mass. App. Ct. 17, 20 (2010).  The plaintiff can prove this
through circumstantial evidence.  Id. at 20-21.

The § 60J affidavit here alleges that multiple witnesses,
including the decedent's daughter, heard or observed the
decedent being loud and boisterous and exhibiting slurred speech
on the night of his death.  It sets forth witness statements
that describe the decedent's behavior at the restaurant at
various times from approximately 4 P.M. to 8:45 P.M.  One
witness joined the decedent for two rounds of drinks and was

told by Jane Doe, with whom he was familiar, that she was concerned that the decedent was intoxicated and had not eaten anything. The witness then observed Jane Doe offer the decedent food but the decedent declined her offer. The witness subsequently observed Jane Doe serving the decedent more drinks, despite her previous expressed concern for his state of inebriation. The witness described the decedent as being loud and slurring his speech. The witness left the restaurant at approximately 8:45 P.M., about fifteen minutes before the decedent telephoned his daughter. The decedent's daughter spoke to her father at approximately 9 P.M., four minutes before he lost control of his vehicle. Her father told her that he had left the restaurant and was heading home. Her father's speech was slurred, making it difficult for her to understand him. The witness statements that chronicled the decedent's night up until approximately four minutes before his fatal crash, along with the information from the police report and medical toxicology report, set out sufficient facts to raise a legitimate question of liability at this stage in the litigation. A finder of fact could infer from the daughter's observations that the decedent's speech was slurred and hard to understand upon leaving the restaurant four minutes before his fatal crash, and that he most likely was exhibiting behavior that would put Jane Doe on notice that he was intoxicated. At the very least, the witness

statements and the information from the police report and medical toxicology report set out sufficient facts to raise a legitimate question of liability at this stage in the litigation.  The plaintiff does not need to win his case at this point in the action.  He need only present sufficient facts to raise a legitimate question of liability by providing identifiable sources of information on which the complaint is based, details of that information, and facts indicating that the information is reasonably reliable.  He has done so.  He also has shown that the claim is not frivolous, one of the objectives of § 60J.

Conclusion.  For the foregoing reasons, we conclude that the plaintiff's affidavit based upon information and belief is sufficient to satisfy the procedural requirement under G. L. c. 231, § 60J, and the plaintiff has sufficiently raised a legitimate question of liability.  The order denying the defendant's motion to strike the plaintiff's G. L. c. 231, § 60J, affidavit and for partial summary judgment is affirmed.

So ordered.