The plaintiff appeals from a judgment dismissing his ten-count amended complaint against his parents and siblings. As to all counts, the judge allowed the defendants' motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and dismissed the plaintiff's abuse of process claim (count eight of the amended complaint) on the basis also of the anti-SLAPP statute, G. L. c. 231, § 59H ( § 59H ). We affirm in part and vacate the judgment in part.
Background. This case comes to us on appeal from the judge's allowance of the defendants' motion to dismiss. Accordingly, on review, we take all allegations in the amended complaint, and inferences drawn from them in the plaintiff's favor, as true. Bayless v. TTS Trio Corp., 474 Mass. 215, 223 n.13 (2016).
The plaintiff alleges that as a forty-one year old disabled adult, he moved into his parents' home due to his severe medical issues. The living arrangement was inharmonious.
The plaintiff alleges that his family harassed, ridiculed, ignored, and belittled him. He also alleges that, over a ten-day period, his mother moved out of the house and his father conducted a campaign of harassment and mistreatment aimed at forcing the plaintiff from the home. The father eventually obtained a harassment prevention order (HPO) pursuant to G. L. c. 258E, which forms the basis for the plaintiff's abuse of process claim.
Discussion. 1. Abuse of process.[3] The father obtained a temporary HPO on February 23, 2015, and police removed the plaintiff from the family home later that day. After much litigation, including two appeals to this court,[4] the father obtained a permanent HPO. The plaintiff alleges that the father abused this process by committing perjury, using the HPO to illegally evict him by circumventing Housing Court procedures, and injuring him by forcing him into a hotel without all of his medication and inflicting reputational damage. In dismissing this claim, the judge relied on rule 12(b)(6) and § 59H.
a. Rule 12(b)(6). The judge found that the plaintiff was collaterally estopped from bringing his abuse of process claim because he had the opportunity to litigate these issues when contesting the HPO. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 679 n.8 (2011) (dismissal pursuant to rule 12 [b][6] appropriate in cases of collateral estoppel). During the pendency of this appeal, a panel of this court determined that the acts forming the basis of the HPO constituted not only civil harassment, but also criminal harassment. See R.S. v. W.R.S., 92 Mass. App. Ct. 1110 (2017). Given this determination, the plaintiff's abuse of process claim was properly dismissed under rule 12(b)(6). See Fabre v. Walton, 436 Mass. 517, 524-525 (2002).
b. Section 59H. The judge also allowed the defendants' special motion to dismiss the abuse of process claim pursuant to § 59H, applying the framework set forth in Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156 (1998).
The judge properly found that the plaintiff's abuse of process claim was based solely on the defendants' protected petitioning activity. However, we must remand for a determination under the augmented Duracraft framework announced in Blanchard v. Steward Carney Hosp., 477 Mass. 141 (2017). Under Blanchard, if the underlying plaintiff is unable to establish that the defendants' petitioning lacked a reasonable basis, the plaintiff may avoid dismissal under § 59H by showing that the underlying claim was brought "not to interfere with and burden defendants' ... petition rights, but to seek damages for the personal harm to [the plaintiff] from [the] defendants' alleged ... [legally transgressive] acts." Id. at 160, quoting from Sandholm v. Kuecker, 2012 IL 111443, ¶ 57. Although Blanchard came down after the order of dismissal in this case, it applies retroactively. Dever v. Ward, 92 Mass. App. Ct. 175, 183 (2017). The proper course in this case is to vacate that portion of the judgment of dismissal that relies on § 59H, and to remand for further proceedings under the augmented Duracraft framework.[5] See id. at 184.
2. Other counts. The judge dismissed the plaintiff's other counts under rule 12(b)(6). "To survive a motion to dismiss, the facts alleged and the reasonable inferences drawn therefrom must 'plausibly suggest ... an entitlement to relief.' " Arsenault v. Bhattacharya, 89 Mass. App. Ct. 804, 809 (2016), quoting from Coghlin Elec. Contractors, Inc. v. Gilbane Bldg. Co., 472 Mass. 549, 554 (2015). Although our review is de novo, Curtis, 458 Mass. at 676, here, we agree with the judge's rulings as to each of the additional claims.
a. Negligence claims. We agree with the judge that the plaintiff's claims for negligence, gross negligence, and negligent infliction of emotional distress fail because the plaintiff failed to establish that any of the defendants owed him a cognizable legal duty. See Davis v. Westwood Group, 420 Mass. 739, 742 (1995) ("Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff"). Furthermore, contrary to the plaintiff's assertions, the defendants did not owe him a duty to act simply because they were family. See Pridgen v. Boston Hous. Authy., 364 Mass. 696, 710 (1974), citing Restatement (Second) of Torts § 314A (1965) (duty to act only arises in specific special relationships, such as "parent and [minor] child").
The plaintiff's proof of the existence of a landlord-tenant relationship is also deficient. In the absence of a lease, the proof needed to establish a tenancy at will. Tenancies at will are created upon the consent of both parties. Corcoran Mgmt. Co. v. Withers, 24 Mass. App. Ct. 736, 742 (1987). Here, the undisputed proof established that the plaintiff's parents "intentionally refused [the p]laintiff's offer to pay for rent." Therefore, the plaintiff did not establish a tenancy.
Further, because none of the negligence claims survives dismissal, the judge also properly dismissed the plaintiff's claim for negligent infliction of emotional distress. See Payton v. Abbott Labs, 386 Mass. 540, 557 (1982) ("[I]n order to recover for negligently inflicted emotional distress [the plaintiff] must prove ... negligence").
b. Intentional infliction of emotional distress. We likewise are not persuaded that the plaintiff established a claim for intentional infliction of emotional distress (intentional infliction). Polay v. McMahon, 468 Mass. 379, 385 (2014). Liability for intentional infliction attaches only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987), quoting from Restatement (Second) of Torts § 46 comment d (1965). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," as are alleged here, do not give rise to liability for intentional infliction. Ibid. The plaintiff's intentional infliction claim also fails because he was an adult with his own income who could have left the purported abusive environment any time he pleased. Cf. Ziemba v. Fo'cs'le, Inc., 19 Mass. App. Ct. 484, 489-490 (1985) (court did not find intentional infliction where plaintiffs were threatened with arrest if they did not leave an eating establishment, but chose not to leave).
c. Conversion. The plaintiff's claim for conversion, relating to the possessions that remained in the house from the time of his removal on February 23, 2015, until the time the Housing Court gave him an order for their retrieval also does not lie because the plaintiff has failed to show that his parents "intentionally or wrongfully exercise[d] acts of ownership, control or dominion" over his possessions during that time. See ZVI Constr. Co., LLC v. Levy, 90 Mass. App. Ct. 412, 419 (2016), quoting from Grand Pac. Fin. Corp. v. Brauer, 57 Mass. App. Ct. 407, 412 (2003) (defining elements of conversion).
d. Discrimination. Pursuant to G. L. c. 151B, § 9, the plaintiff alleges that the defendants discriminated against him because of his handicap. However, the statute excludes from its reach the leasing of "a single dwelling unit in a two family dwelling, the other occupancy unit of which is occupied by the owner as his residence." G. L. c. 151B, § 4(11)(3), inserted by St. 1983, c. 628, § 3. In addition to having failed to establish the existence of a tenancy, the plaintiff's claim fails because it does not fall within the scope of the statute. Because the plaintiff has not identified a civil right that the defendants violated, the plaintiff's claim under G. L. c. 12, § 11I, alleging violations of his civil rights, also fails.
e. Fraudulent concealment/misrepresentation. Fraudulent concealment refers to the concealment of, or, in cases of fiduciary duty, failure to disclose "the facts that would give rise to knowledge of a cause of action." Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 519 (1997). We disagree with the plaintiff's assertion that the father's failure to report the plaintiff's disability to police or his alleged misrepresentation to a judge concerning the nature of a Facebook post are facts that give rise to knowledge of a cause of action. We perceive no error. See Welch v. Barach, 84 Mass. App. Ct. 113, 120 n.11 (2013) (the action lies where there is an "intentional or reckless ... misstatement ... of an existing fact ... of a material nature, ... causing intended reasonable reliance and ... financial harm to the plaintiff").
f. Civil conspiracy. There are two ways to prove civil conspiracy. See Kurker v. Hill, 44 Mass. App. Ct. 184, 188 (1998). "[A] plaintiff must show [either] that two or more defendants acted in concert, and that 'there was some peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had,' " Wodinsky v. Kettenbach, 86 Mass. App. Ct. 825, 837 (2015), quoting from DesLauries v. Shea, 300 Mass 30, 33 (1938), or that the defendants engaged in a common tortious plan. Kurker, supra at 188-189. The plaintiff's claim does not survive under either theory. The amended complaint fails to allege facts supporting an inference that the defendants acted in concert to create a peculiar power of coercion that they would not have had as individuals, and, further, because no tortious claim involving all of the defendants survives dismissal, there is also no underlying tort upon which the conspiracy could lie. See id. at 188.
Conclusion. So much of the judgment as dismisses count eight of the amended complaint pursuant to G. L. c. 231, § 59H, is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order. In all other respects, the judgment is affirmed.[6]
So ordered.
vacated in part and remanded; affirmed in part

Since the plaintiff is pro se, we liberally construe his filings, I.S.H. v. M.D.B., 83 Mass. App. Ct. 553, 560 (2013), while still holding him to governing court rules, Rothman v. Trister, 450 Mass. 1034 (2008).

See R.S. v. W.S., 89 Mass. App. Ct. 1135 (2016) (vacating the original one-year c. 258E order); R.S. v. W.R.S., 92 Mass. App. Ct. 1110 (2017) (affirming the subsequent permanent c. 258E order).

If, on remand, the court grants the defendants' special motion to dismiss as to the abuse of process claim, the judgment should include an award of costs and reasonable attorney's fees as required by G. L. c. 231, § 59H. See Fabre, 436 Mass. at 525 ; 477 Harrison Ave., LLC v. JACE Boston, LLC, 477 Mass. 162, 175-176 (2017).

We deny the defendants' request for appellate fees pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), and G. L. c. 211A, § 15, because the appeal is not frivolous.