WILLIAM H. PAQUETTE & another[1] *vs.* DEPARTMENT OF
ENVIRONMENTAL PROTECTION & others.[2]

No. 00-P-17.

Essex. January 7, 2002. - September 16, 2002.

Present: LENK, MASON, & GRASSO, JJ.

*Administrative Law,* Decision, Time of decision, Judicial review. *Jurisdiction,*
Administrative matter, Judicial review of administrative action, Reconsid-
eration of order or judgment. *Practice, Civil,* Appeal, Review of administra-
tive action, Reconsideration.

In a civil action filed by the plaintiffs, who sought judicial review of an
administrative agency's "final decision," prior to the agency's action on
the plaintiffs' motion for reconsideration of that decision, the prematurity
of the plaintiffs' appeal was not fatal to jurisdiction, where the consider-
ations favoring mandatory dismissal were not present, in that the plaintiffs
had not caused service of their complaint to be made upon the defendants
until after the agency had denied the plaintiffs' motion for reconsideration.
[845-850]

CIVIL ACTION commenced in the Superior Court Department on
March 29, 1999.

The case was heard by *Peter F. Brady,* J., on a motion to
dismiss.

*George E. Richardson* for the plaintiffs.

*Paul D. Wilson* for Helen Luong & another, trustees of the
Luongo Realty Trust.

*Pierce O. Cray,* Assistant Attorney General, for Department
of Environmental Protection.

LENK, J. In this appeal, we are asked to determine whether the
trial court judge properly dismissed for lack of jurisdiction the
plaintiffs' action, which sought judicial review of an administra-

---

[1]Harriette B. Paquette.

[2]*Helen Luongo and Steven P. Rosenthal,* trustees of the Luongo Realty
Trust.

tive agency's "final decision," because the court action was filed before the agency had acted on the plaintiffs' motion for reconsideration of that final decision. On the facts of the present case, we conclude that dismissal was unwarranted and reverse.

*Facts.* On March 4, 1999, the defendant Department of Environmental Protection (the agency) issued a document that it denominated its "Final Decision," which dismissed the plaintiffs' claim for an adjudicatory hearing on the defendant trustees' wetlands permit application. The decision also made final the superseding order of conditions issued by the agency on the trustees' application. The plaintiffs timely filed a motion for reconsideration of this decision. See 310 Code Mass. Regs. § 1.01(14)(d) (1995). On March 29, 1999, during the pendency of that motion, the plaintiffs filed an action in Superior Court for judicial review of the agency's March 4 decision, pursuant to G. L. c. 30A, § 14(1). On April 16, 1999, the agency denied the plaintiffs' motion for reconsideration "[b]ecause the motion for reconsideration simply restates arguments previously considered and addressed."

After this final rejection, the plaintiffs caused the defendants to be served with the previously filed complaint for judicial review. Thereafter, the agency filed the administrative record with the court which documented, inter alia, the agency's March 4 and April 16 decisions. Months later, on August 19, 1999, the defendants moved to dismiss the plaintiffs' action for want of jurisdiction because the March 4 decision from which they appealed was not a "final decision," and because the plaintiffs had not filed a new court action following the denial of their reconsideration motion.[3] The Superior Court judge allowed the motion to dismiss, ruling that the plaintiffs "did not file [an] appeal within 30 days of final decision," and the court accordingly had no jurisdiction.

*Discussion.* The plaintiffs contend that the dismissal of their action was improvidently ordered because it was not compelled by either statute or case law. The defendants, relying on the as-

---

[3]Between the filing of the defendants' motion to dismiss and the judge's ruling on it, the plaintiffs amended their complaint primarily to list the current trustees of Luongo Realty Trust. The amended version does not refer to the reconsideration decision.

serted plain meaning of G. L. c. 30A, § 14(1), as well as upon practice under Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999), and the Federal Administrative Procedure Act, 5 U.S.C. §§ 551 et seq. (2000), maintain that dismissal was correct.[4]

We turn first to the relevant statutory language. Under G. L. c. 30A, § 14(1), as amended by St. 1976, c. 411, § 1, a party seeking judicial review of an agency decision must file an action in Superior Court "within thirty days after receipt of notice of the final decision of the agency or if a petition for rehearing has been timely filed with the agency, within thirty days after receipt of notice of agency denial of such petition for rehearing."

The defendants urge what they think is the self-evident "plain language" reading of this statute. On this view, the statute provides two mutually exclusive avenues for judicial review, viz., a party may either (1) file an action for judicial review within thirty days following the agency's final decision; or (2) where the party has petitioned the agency to revisit its decision, the party may file an action for judicial review only within the thirty-day period following the agency's denial of the motion for reconsideration.

Because we think the statutory language admits of other reasonable interpretation,[5] we are not persuaded that the statute's purported "plain language" itself disposes of the matter. The defendants' contention that the statute is best read as presenting mutually exclusive avenues for seeking judicial review is made more compelling, however, by taking into account the assumptions upon which that view rests concerning the finality of agency decisions.

The defendants observe that the agency's "final decision" of

---

[4]The defendants concede that they were not prejudiced by the plaintiffs' failure to file a new or amended action following the agency's denial of their motion for reconsideration. There is no contention that the motion for reconsideration resulted in any material modification to the agency decision.

[5]The statutory language may also be read as enlarging the period within which a court action may be filed, by permitting the filing of a court action during both the initial thirty day period and the pendency of a motion for reconsideration. On this reading, an action for judicial review would be timely if filed at any point between the denominated "final decision" and thirty days after the denial of the motion for reconsideration.

March 4, 1999, was rendered "non-final" by the plaintiffs' March 12, 1999, request to the agency for reconsideration and, thus, was not at the time appealable. They go on to suggest that the plaintiffs' premature appeal of the March 4, 1999, non-final and hence non-appealable "final decision" was not tolled or suspended until the agency decided the reconsideration motion but was instead rendered a nullity. It was only when the agency denied the motion for reconsideration on April 16, 1999, the defendants contend, that an appealable final decision came into existence once again. In the defendants' view, because the plaintiffs did not appeal from the appealable final decision within thirty days thereafter, they lost their right to seek judicial review.

There is little that is controversial about the idea that only final agency decisions are subject to judicial review. What is not so clear is whether the finality of a once final decision is merely suspended or is instead forfeited and rendered a nullity by the pendency of a subsequent motion for reconsideration. No appellate case of which we are aware controls, and it appears that this issue was reserved by the court in *Harper* v. *Division of Water Pollution Control*, 412 Mass. 464, 467-468 (1992):

> "We do not reach the [defendant's] claim that, because the division sought reconsideration of the agency decision, the plaintiffs' purported appeal, which was entered before final action on the motion for reconsideration, is a premature nullity. Section 14(1) [of G. L. c. 30A] provides that 'if a petition for rehearing has been timely filed with the agency' (apparently by anyone), the action 'shall . . . be commenced in the court' within thirty days of notice of action on the petition for rehearing. Also, we do not deal with the suggestion, raised here first in the plaintiffs' reply brief, that their appeal, although premature with respect to the agency decision on reconsideration, is not a nullity. See, for rules procedure but not for statutory procedure, Mass.R.A.P. 4(a), as amended, 395 Mass. 1110 (1985), which provides that a notice of appeal filed before the disposition of a timely motion for a new trial (and of certain other listed motions) 'shall have no effect' and that 'the time for appeal for all parties shall run from the entry

of the order denying a new trial' (or action on those other motions)." (Footnote omitted.)

The defendants maintain that their view, rendering a nullity those prematurely filed petitions for judicial review that are brought during the pendency of motions to reconsider the same decision for which judicial review was also sought, is the view in harmony with Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999). In its present iteration, rule 4(a) explicitly requires that a new notice of appeal be filed following trial court action on a postjudgment motion.[6] To be sure, the Legislature amended G. L. c. 30A in 1973 to reconcile it with the then-nascent rules of civil and appellate procedure. See St. 1973, c. 1114 ("An Act Improving the Procedure in Civil Trials and Appeals"); *John Donnelly & Sons* v. *Outdoor Advertising Bd.*, 5 Mass. App. Ct. 819, 819-820 (1977) (the "legislative purpose of the amendment to G. L. c. 30A, § 14, was to harmonize the statute with the new rules of civil and appellate procedure"). We note, however, that at the time of the 1973 amendment to G. L. c. 30A, Mass.R.A.P. 4 was itself different, and a prematurely filed notice of appeal would not then be dismissed absent a showing that the appellee was prejudiced by this technical defect. See, e.g., *Hutchinson* v. *Hutchinson*, 6 Mass. App. Ct. 705, 707 (1978). Compare Mass.R.A.P. 4(a), as amended and effective January 1, 1985, with G. L. c. 30A, § 14, which contains no such explicit language.

---

[6]Rule 4(a) of the Massachusetts Rules of Appellate Procedure, as amended and effective January 1, 1985, states in relevant part:

> "A notice of appeal filed before the disposition of any of the [Mass. R.A.P. 50(b), 52(b), or 59] motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing."

This language was premised upon the prevailing interpretation of the 1979 amendment to the Federal corollary. "In its earlier formulation, [Massachusetts] rule 4(a) had provided simply that the time for filing a notice of appeal would be tolled pending action on any of the designated postjudgment motions." *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 301 (1985). The Federal appellate rule has since been expunged of its Draconian penalty. See F.R.A.P. 4(a) (1998); Advisory Committee Note to 1993 Amendment to F.R.A.P. 4(a), reproduced in 20 Moore's Federal Practice § 304App.04[2] (3d. ed. 2002).

We are reminded by the defendants that their reading of the statute is also in keeping with the "bright line test" enunciated prospectively by the Court of Appeals for the District of Columbia Circuit in *TeleSTAR, Inc.* v. *Federal Communications Commn.*, 888 F.2d 132, 134 (D.C. Cir. 1989). This test requires a party appealing from an agency's final decision to file a new notice of appeal following a decision on the party's motion for reconsideration of that agency decision. Under *TeleSTAR*, final agency action on the reconsideration request will thus not cause a prematurely filed petition for judicial review to ripen, but will instead render it a nullity. See *id.* at 134. "If a party determines to seek reconsideration of an agency ruling, it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration." *Ibid.*

The rationale for the view that the defendants espouse includes, in addition to judicial economy, considerations such as the undesirability of having a case "proceed along the appellate path on the basis of a judgment which might be modified . . . [,] a state of affairs . . . [which is] at best, disorderly and, at worst . . . likely to provoke mischief," *Finn* v. *McNeil*, 23 Mass. App. Ct. 367, 369 (1987), and the desirability of avoiding both piecemeal appeals and the disruption to orderly administrative decisionmaking that may occur by premature judicial review of a decision subject to modification. These are, of course, valid considerations, but we take more a pragmatic and less an abstract view of finality, and do not think them dispositive here.

We are mindful that the relevant statutory language is not explicit on the point at issue here, and that there is support in prior cases for less Draconian consequences than dismissal when a situation such as this one arises. See *Tanzilli* v. *Casassa*, 324 Mass. 113, 115 (1949); *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975); *Becton, Dickinson & Co.* v. *State Tax Commn.*, 374 Mass. 230, 234 (1978); *Hutchinson* v. *Hutchinson*, 6 Mass. App. Ct. at 707. Further, we think it desirable ordinarily that our courts adjudicate substantive controversies on the merits where practicable. Finally, the considerations favoring mandatory dismissal are simply not present in the case before us. Here, the plaintiffs did not cause

service of their complaint to be made upon defendants until after the agency had denied the plaintiffs' motion for reconsideration. Moreover, it was not until months later that the defendants brought their motion to dismiss the complaint, a time by which the motion for reconsideration was plainly no longer pending. There was thus no prejudice to the defendants, no risk of piecemeal appeals, no risk that the agency and the court would each modify the same decision, and no likelihood that judicial review would disrupt the orderly process of administrative decisionmaking.

As the Supreme Court of Connecticut reasoned in quite similar circumstances in *Killingly* v. *Connecticut Siting Counsel*, 220 Conn. 516, 526 (1991):

> "We decline . . . to adopt a rigid application of the rule which would result in denying jurisdiction on the facts of the present case. We agree with the principle . . . that judicial energy is not well spent processing appeals where a request for administrative reconsideration is *pending*. Where an agency has denied a reconsideration request prior to the filing of a motion to dismiss the appeal, however, the request is no longer *pending* and judicial resources are not wasted in hearing the appeal." (Citations omitted; emphasis in original.)

We conclude that, on the facts of this case, the prematurity of the plaintiffs' appeal was not fatal to jurisdiction.

*Judgment reversed.*