NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-197                                            Appeals Court


        PATRICIA ARSENAULT  vs.  SUBROTO BHATTACHARYA.


                        No. 15-P-197.

        Essex.      April 13, 2016. - August 3, 2016.

           Present:  Vuono, Meade, & Carhart, JJ.


Medical Malpractice.  Notice, Timeliness.  Practice, Civil,
    Motion to dismiss.



        Civil action commenced in the Superior Court Department on
October 21, 2013.

        A motion to dismiss was heard by Robert A. Cornetta, J.,
and a motion for reconsideration was considered by him.


        David Newton for the plaintiff.
        Andrew F. Newton for the defendant.


        CARHART, J.  In this case, we must decide whether dismissal

without prejudice was the appropriate remedy for a failure by

the plaintiff, Patricia Arsenault, to provide notice to the

defendant, Subroto Bhattacharya, of her intention to sue, as

required by G. L. c. 231, § 60L.  See St. 2012, c. 224, § 221

("An Act improving the quality of health care and reducing costs

through increased transparency, efficiency and innovation").

The statute is silent as to remedies for a failure to comply

with its terms, and there are no decisions interpreting it.  See

Ashley v. New York State Office of Children & Family Servs., 33

F. Supp. 3d 76, 78 n.1 (D. Mass. 2014).  For the reasons that

follow, we conclude that "less Draconian consequences than

dismissal" were available and should have been considered by the

judge.  Paquette v. Department of Envtl. Protection, 55 Mass.

App. Ct. 844, 849 (2002).  Consequently, we reverse the judgment

and remand the matter to Superior Court.

Background.  1.  Section 60L.  We begin with a brief

overview of G. L. c. 231, § 60L, set forth in full in the

margin.[1]  Pursuant to § 60L(a), a plaintiff must give written

---

[1] General Laws c. 231, § 60L, inserted by St. 2012, c. 224, § 221, provides:

"(a) Except as otherwise provided in this section, a person shall not commence an action against a provider of health care as defined in the seventh paragraph of section 60B unless the person has given the health care provider 182 days written notice before the action is commenced.

"(b) The notice of intent to file a claim required under subsection (a) shall be mailed to the last known professional business address or residential address of the health care provider who is the subject of the claim.

"(c) The 182-day notice period in subsection (a) shall be shortened to 90 days if:

   "(1) the claimant had previously filed the 182-day notice required against another health care provider involved in the claim; or

"(2) the claimant has filed a complaint and commenced an action alleging medical malpractice against any health care provider involved in the claim.

"(d) The 182 day notice of intent required in subsection (a) shall not be required if the claimant did not identify and could not reasonably have identified a health care provider to which notice shall be sent as a potential party to the action before filing the complaint;

"(e) The notice given to a health care provider under this section shall contain, but shall not be limited to, a statement including:

"(1) the factual basis for the claim;

"(2) the applicable standard of care alleged by the claimant;

"(3) the manner in which it is claimed that the applicable standard of care was breached by the health care provider;

"(4) the alleged action that should have been taken to achieve compliance with the alleged standard of care;

"(5) the manner in which it is alleged the breach of the standard of care was the proximate cause of the injury claimed in the notice; and

"(6) the names of all health care providers that the claimant intends to notify under this section in relation to a claim.

"(f) Not later than 56 days after giving notice under this section, the claimant shall allow the health care provider receiving the notice access to all of the medical records related to the claim that are in the claimant's control and shall furnish a release for any medical records related to the claim that are not in the claimant's control, but of which the claimant has knowledge. This subsection shall not restrict a patient's right of access to the patient's medical records under any other law.

"(g) Within 150 days after receipt of notice under this section, the health care provider or authorized representative

against whom the claim is made shall furnish to the claimant or the claimant's authorized representative a written response that contains a statement including the following:

"(1) the factual basis for the defense, if any, to the claim;

"(2) the standard of care that the health care provider claims to be applicable to the action;

"(3) the manner in which it is claimed by the health care provider that there was or was not compliance with the applicable standard of care; and

"(4) the manner in which the health care provider contends that the alleged negligence of the health care provider was or was not a proximate cause of the claimant's alleged injury or alleged damage.

"(h) If the claimant does not receive the written response required under subsection (g) within the required 150-day time period, the claimant may commence an action alleging medical malpractice upon the expiration of the 150-day time period. If a provider fails to respond within 150 days and that fact is made known to the court in the plaintiffs' complaint or by any other means then interest on any judgment against that provider shall accrue and be calculated from the date that the notice was filed rather than the date that the suit is filed. At any time before the expiration of the 150-day period, the claimant and the provider may agree to an extension of the 150-day period.

"(i) If at any time during the applicable notice period under this section a health care provider receiving notice under this section informs the claimant in writing that the health care provider does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health care provider, so long as the claim is not barred by the statutes of limitations or repose.

"(j) A lawsuit against a health care provider filed within [six] months of the statute of limitations expiring as to any claimant, or within [one] year of the statute of repose expiring as to any claimant, shall be exempt from compliance with this section.

notice to a health care provider of an intent to file suit 182 days before commencing an action alleging medical malpractice. Notice is not required if the plaintiff "did not identify and could not reasonably have identified a health care provider to which notice shall be sent as a potential party to the action before filing the complaint," G. L. c. 231, § 60L(d), or if the plaintiff files suit "within [six] months of the statute of limitations expiring . . . or within [one] year of the statute of repose expiring as to any claimant."  G. L. c. 231, § 60L(j). Nothing in § 60L prohibits "the filing of suit at any time in order to seek court orders to preserve and permit inspection of tangible evidence."  G. L. c. 231, § 60L(k).  Section 60L, which applies to actions filed pursuant to G. L. c. 231, § 60B,[2] became effective on November 4, 2012.

2.  The complaint.  Taking the allegations in the plaintiff's complaint as true and drawing all reasonable inferences in her favor, see Ryan v. Holie Donut, Inc., 82 Mass.

_____

"(k) Nothing in this section shall prohibit the filing of suit at any time in order to seek court orders to preserve and permit inspection of tangible evidence."

[2] General Laws c. 231, § 60B, first par., inserted by St. 1975, c. 362, § 5, established a tribunal to which plaintiffs alleging medical malpractice must submit their complaints, whereupon the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result."

App. Ct. 633, 635 (2012), the defendant was the plaintiff's primary care physician when he began treating her in January, 2008, for carpal tunnel and cervical spondylosis with radiculopathy.[3] In August, 2008, the defendant administered a cortisone injection to the plaintiff's left wrist. In March and October 2009, the defendant injected both of the plaintiff's wrists with cortisone, and on January 21, 2010, he administered a final cortisone shot to the plaintiff's right wrist.

On February 1, 2010, the plaintiff met with a surgeon because of a substantial tearing and popping feeling in her right wrist. One week later she underwent surgery on her right wrist. The plaintiff had further surgery on her right wrist in May and June, 2010, and August, 2011, and had surgery on her left wrist in June, 2010. On April 5, 2012, she underwent an independent medical examination by another doctor who found that she had "developed extensor tendon ruptures as a result of her cortisone injections."[4]

In her complaint filed in Superior Court on October 21, 2013, the plaintiff alleges that the defendant knew or should have known that giving her multiple cortisone shots would increase the risk of rupture to her wrists, especially in light

---

[3] The complaint does not define cervical spondylosis or radiculopathy.

[4] That examination was done in connection with the plaintiff's workers' compensation claim.

of a letter dated August 1, 2012, that he prepared in connection with the plaintiff's workers' compensation claim. That letter states that "[b]ecause of previous cortisone shots there is a significant risk of tendon rupture of the left side still." The plaintiff alleges that the defendant deviated from the appropriate standard of medical care when he negligently gave her the cortisone shots, which caused a double rupture of her right wrist and resulted in her being totally and permanently disabled.

3. Procedural posture. After return of service was docketed on January 28, 2014, the defendant moved pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), to dismiss on the basis that the action was barred by the statute of limitations and by the plaintiff's failure to provide notice pursuant to § 60L. After a hearing, the motion judge, a District Court judge sitting by designation in the Superior Court, found that the plaintiff's cause of action accrued on April 5, 2012, and that the complaint was filed "within the 3 year statute of limitations but before the 6 months notice required and 7 years statute of repose and dates of [§ 60L]." The judge allowed the defendant's motion without prejudice and judgment entered on June 26, 2014. The plaintiff appealed.[5,6] Rather than refiling,

_____

[5] Although dismissal without prejudice is not an adjudication on the merits, see Ogens v. Northern Industrial

the plaintiff moved for reconsideration on July 21, 2014, stating that she satisfied § 60L by sending a letter of intent to defendant's counsel on or about March 4, 2014.  The motion for reconsideration was denied.

---

Chem. Co., 304 Mass. 401, 402-403 (1939), and the better practice would have been for the plaintiff to refile the complaint, the judgment in this case is appealable.  See ibid. (reviewing appeal of decree that dismissed bill without prejudice); Department of Rev. v. Mason M., 439 Mass. 665, 674 (2003) (reviewing appeal of complaint that was dismissed without prejudice).  The judgment is not interlocutory in nature because it dismissed the complaint in its entirety, see Gibbs Ford, Inc. v. United Truck Leasing Corp., 399 Mass. 8, 9 (1987), and the statute of limitations on the plaintiff's claim expired on April 5, 2015.  See G. L. c. 260, § 4; Russia Cement Co. v. Le Page Co., 174 Mass. 349, 354 (1899) (judgment of dismissal, "if not reversed or modified, will end the litigation in which it [was] entered").  The plaintiff therefore has "the right to invoke the action of the higher court."  Ibid.  See G. L. c. 231, § 113, inserted by St. 1973, c. 1114, § 202 ("A party aggrieved by a final judgment of the superior court . . . may appeal therefrom to the appeals court").

[6] While the docket reflects that the defendant filed a notice of appeal on the same day that judgment entered and does not reflect the filing of a notice of appeal by the plaintiff, the plaintiff's notice of appeal appears in the record and is dated June 23, 2014.  Given that a notice of appeal by the defendant is not in the record, we assume that the docket entry reflects clerical error, and we resolve the issue in favor of preserving the plaintiff's appellate rights.  See Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 574 (1993); Eyster v. Pechenik, 71 Mass. App. Ct. 773, 782 (2008). Since the plaintiff's motion for reconsideration was served on the defendant on July 16, 2014, more than ten days after entry of the judgment, it is treated as one under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), see Gifford v. Westwood Lodge Corp., 24 Mass. App. Ct. 920, 922 (1987), and, as such, a new notice of appeal was not required.  See Selby Assocs. v. Boston Redev. Authy., 27 Mass. App. Ct. 1188, 1189-1190 (1989); Curly Customs, Inc. v. Pioneer Financial, 62 Mass. App. Ct. 92, 96-97 (2004).

Discussion. A motion to dismiss under Mass.R.Civ.P. 12(b)(6) "is concerned with the sufficiency of the pleadings." Bayless v. TTS Trio Corp., 474 Mass. 215, 223 (2016). "To survive a motion to dismiss, the facts alleged and the reasonable inferences drawn therefrom must 'plausibly suggest . . . an entitlement to relief.'" Coghlin Elec. Contractors, Inc. v. Gilbane Bldg. Co., 472 Mass. 549, 554 (2015), quoting from Flagg v. AliMed, Inc., 466 Mass. 23, 26-27 (2013). "A court may grant the radical relief of dismissal only if the plaintiff can set forth no set of facts which would entitle her to relief." Coraccio v. Lowell Five Cents Sav. Bank, 415 Mass. 145, 147 (1993). "Dismissals on the basis of pleadings, before facts have been found, are discouraged." Fabrizio v. Quincy, 9 Mass. App. Ct. 733, 734 (1980). We review de novo the judge's allowance of the motion to dismiss. See Ryan, 82 Mass. App. Ct. at 635.

The defendant argues that dismissal of the complaint was proper because, like the demand letter required by G. L. c. 93A, § 9(3), notice pursuant to § 60L(a) is a prerequisite to the plaintiff's medical malpractice suit. A complaint for medical malpractice must allege that "a doctor-patient relationship existed . . . , that [the defendant's] performance did not conform to good medical practice, and that injury to the plaintiff resulted therefrom." St. Germain v. Pfeifer, 418

Mass. 511, 519 (1994). Here, all of those allegations appear in the complaint. Because "the Legislature has given no explicit guidance on the point" whether the notice provision in § 60L(a) is an element of a medical malpractice claim, Austin v. Boston Univ. Hosp., 372 Mass. 654, 657 (1977), "we [must] interpret the provision 'in the context of the over-all objective the Legislature sought to accomplish.'" Sellers's Case, 452 Mass. 804, 810 (2008), quoting from National Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 667 (2000).

Section 60L is applicable to actions filed under G. L. c. 231, § 60B. Like § 60L, § 60B was enacted "[a]s a means to the end of keeping medical malpractice insurance premiums in check . . . [and] discourag[ing] frivolous medical malpractice claims." LaFond v. Casey, 43 Mass. App. Ct. 233, 235 (1997). Section 60B "impos[es] liability for legal costs and expenses on an unsuccessful litigant," Austin, supra, in the form of a bond the plaintiff must post in a judicial proceeding, within thirty days of an adverse decision by the medical malpractice tribunal, or "the action shall be dismissed." G. L. c. 231, § 60B, sixth par., inserted by St. 1975, c. 362, § 5. Section 60B therefore "contains an element of substance, and not merely procedure." Austin, supra.

Similarly, c. 93A "create[d] new substantive rights and provide[d] new procedural devices for the enforcement of those

rights." Slaney v. Westwood Auto, Inc., 366 Mass. 688, 693 (1975). One procedural device is the requirement of a letter notifying a prospective defendant of the plaintiff's allegations and of the relief sought. See G. L. c. 93A, § 9(3). "The purposes of the letter are twofold: (1) 'to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct' and (2) 'to operate as a control on the amount of damages which the complainant can ultimately recover,'" because c. 93A allows for awards of attorney's fees and damages that may be doubled or trebled if a defendant fails to make "a reasonable tender of settlement" in response to the letter. Spring v. Geriatric Authy. of Holyoke, 394 Mass. 274, 288 (1985), quoting from Slaney, supra at 704.

By contrast, and as the defendant recognizes, § 60L does not "create new substantive rights." Slaney, supra at 693. Section 60L(h) -- the only part of the statute that sets forth any kind of penalty -- deals with "a matter of procedure or practice in no way affecting the substantive rights of the parties," because it governs the accrual date for the purposes of calculating prejudgment interest. D'Amico v. Cariglia, 330 Mass. 246, 249 (1953). Thus, while the Legislature used the words "shall not commence" in § 60L(a), and "[t]he word 'shall' is ordinarily interpreted as having a mandatory or imperative

obligation," Hashimi v. Kalil, 388 Mass. 607, 609 (1983), we are persuaded by the Legislature's omission of § 60B's "mandatory dismissal language," Croteau v. Swansea Lounge, Inc., 402 Mass. 419, 422 (1988), from a statute governing actions under § 60B, that the Legislature did not intend notice under § 60L(a) to be a "special element[] which must be alleged." Slaney, supra at 704. As such, the complaint should not have been dismissed.[7] See id. at 705 ("a demurrer cannot be upheld where the plaintiff's bill sets out any cause of suit").

We recognize that § 60L sets forth specific exemptions from the notice requirement that do not apply to the plaintiff, and that "where there is an express exception in a statute, it comprises the only limit on the operation of the statute and no others will be implied." Thurdin v. SEI Boston, LLC, 452 Mass. 436, 444 (2008). "However, 'time and again, we have stated that we should not accept the literal meaning of the words of a statute without regard for that statute's purpose and history.'" St. Germain, 418 Mass. at 521, quoting from Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 839 (1986). Here, where, in contrast to § 60B, the Legislature decided not to impose a

---

[7] Even assuming that notice under § 60L is an element, if not a "special element," of a medical malpractice claim, "[a] motion to dismiss under rule 12(b)(6) does not necessarily lie where the complaint merely fails to plead an element of a cause of action." Schinkel v. Maxi-Holding, Inc., 30 Mass. App. Ct. 41, 51 (1991).

penalty for noncompliance with § 60L, we think it clear that the "Legislature did not intend that the procedures of [§ 60L] should unreasonably obstruct the prosecution of meritorious malpractice claims or that they should eliminate any substantive right of injured persons to sue for damages."[8]  Hanley v. Polanzak, 8 Mass. App. Ct. 270, 274 (1979).  In any event, where "the particular questions of procedure with respect to . . . [§ 60L are] without definite precedent," Goldstein v. Barron, 382 Mass. 181, 186 (1980), "the plaintiff has to be given the benefit of the doubt under rule 12(b)(6) standards."  Kipp v. Kueker, 7 Mass. App. Ct. 206, 210 (1979).

The plaintiff filed her complaint less than one year after § 60L became effective, and one and one-half years before the statute of limitations on her claim expired.  Service was completed within three months.  As stated in her motion for reconsideration, the plaintiff sent notice to defendant's counsel pursuant to § 60L(a) on March 4, 2014 (also over one year before the statute of limitations expired).  In addition, the plaintiff alleges in her complaint that more than one year before she filed her complaint, the defendant opined in a letter he wrote for her workers' compensation claim that a cause of her disability was the previous cortisone shots, which directly

_____

[8] We offer no opinion on the merits of the plaintiff's claims.

implicates his treatment.  On these facts, the defendant, as intended by § 60L, had ample "'opportunity to review the facts and the law involved to see if the requested relief should be granted or denied' and to enable [him] to make 'a reasonable tender of settlement'" before the statute of limitations on the plaintiff's claim expired.  York v. Sullivan, 369 Mass. 157, 162 (1975), quoting from Slaney, 366 Mass. at 704-705.

"[W]e think it desirable . . . that our courts adjudicate substantive controversies on the merits where practicable." Paquette, 55 Mass. App. Ct. at 849.  "It is not novel to allow amendments to pleadings for the purpose of presenting facts which have intervened since the commencement of a proceeding," such as the plaintiff's sending of notice as required by § 60L. Schertzer v. Somerville, 345 Mass. 747, 750 (1963).  See G. L. c. 231, § 51, as appearing in St. 1988, c. 141, § 1 ("In all civil proceedings, the court may at any time[] . . . allow . . . amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought"); Attorney Gen. v. Henry, 262 Mass. 127, 129-130 (1928) (G. L. c. 231, § 51, "has been broadly interpreted . . . so as to accomplish as to form and technical procedure whatever the justice of the case requires, unless prevented by positive rules of law").  Because

"[s]ubstance and reality, not form and theory, must prevail" in this Commonwealth, Lambley v. Kameny, 43 Mass. App. Ct. 277, 285 (1997), and because the purposes of § 60L were fulfilled in this case, "[w]e see no reason why in justice an amendment [to the complaint] should not be allowed [and that as so amended the complaint satisfy the intent of § 60L's notice requirement in order] to enable the plaintiff to prosecute the action." Green v. Horton, 326 Mass. 503, 507 (1950). See Rafferty v. Sancta Maria Hosp., 5 Mass. App. Ct. 624, 627 (1977) ("That the action before such an amendment was flawed does not necessarily preclude a curative amendment").

Conclusion. The orders allowing the defendant's motion to dismiss and denying the plaintiff's motion for reconsideration are vacated. The judgment is reversed and the matter is remanded to the Superior Court in order to allow the plaintiff to amend the complaint to address the notice requirement of G. L. c. 231, § 60L, and as so amended that complaint shall be deemed as having satisfied § 60L's notice requirement and as being timely filed.

So ordered.