NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-823

JOSHUA CARRIER

vs.

JAMES RIOUX & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Joshua Carrier, appeals from a judgment entered after a Superior Court judge allowed the defendants' motion for judgment on the pleadings, thereby affirming a decision of the Department of Correction (department) denying the plaintiff's request for reasonable accommodations to his cell based on his height.[2]  We affirm.

---

[1] James O'Gara and the Massachusetts Department of Correction.

[2] The plaintiff also appealed from an order denying his postjudgment motion for an enlargement of time to file a motion for reconsideration.  As the plaintiff made no argument addressing this order in his briefing, we do not consider it further.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Background.  In 2021, the plaintiff, an inmate at Old Colony Correctional Center (OCCC), made a request for reasonable accommodations under the department's Reasonable Accommodations for Inmates policy, 103 DOC 408 (2018), implementing the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and similar state law provisions.  The plaintiff, who is six feet, seven inches tall, described his disability as "too tall for normal items" and requested an extended mattress and changes to the desk and chair inside his cell.  OCCC's deputy superintendent and acting ADA coordinator, defendant James Rioux, denied the plaintiff's requests because (1) he already had a longer mattress, which was in good condition, and had been authorized by the medical department to obtain an additional mattress, and (2) the seat and desk could not be modified because of "security reasons."  The plaintiff appealed Rioux's decision to the department's ADA coordinator for inmates, defendant James O'Gara.  After consulting with OCCC's health services administrator, who consulted with medical providers at the facility, O'Gara denied the appeal on the ground that the plaintiff had not demonstrated that he had a "diagnosed impairment" entitling him to accommodations under the ADA.

The plaintiff filed a complaint for judicial review in the Superior Court under G. L. c. 30A, § 14, requesting that the

defendants "redo" his ADA request and approve the accommodations he had requested.  He also requested a declaration under G. L. c. 231A, § 1, that he has a disability that affects at least one of his daily life functions, that he is "covered" by the ADA, and that he is entitled to accommodations.  Acting on cross motions for judgment on the pleadings, the judge entered judgment for the defendants, affirming the department's denial of the plaintiff's request.  The plaintiff appeals.

Discussion.  Our review of an order allowing judgment on the pleadings is de novo.  See Sullivan v. Superintendent, Mass. Correctional. Inst., Shirley, 101 Mass. App. Ct. 766, 775 (2022).  That is, we review the same administrative record as the Superior Court judge and reach our own determination whether the defendants are entitled to judgment.  See Miller v. Superintendent, Mass. Correctional Inst., Shirley, 99 Mass. App. Ct. 395, 400-401 (2021).

Where, as here, an inmate has filed a grievance against prison officials concerning conditions of confinement and has exhausted administrative remedies, the inmate may seek judicial review of the decision under G. L. c. 30A, § 14.  See Fitzpatrick v. Department of Correction, 102 Mass. App. Ct. 617, 619 (2023); Sullivan, 101 Mass. App. Ct. at 772; Davis v. Commonwealth, 95 Mass. App. Ct. 398, 399 (2019); Grady v.

3

Commissioner of Correction, 83 Mass. App. Ct. 126, 131-132 (2013). Only the final decision of the agency, in this case O'Gara's denial of the plaintiff's appeal, is subject to judicial review. See Paquette v. Department of Envtl. Protection, 55 Mass. App. Ct. 844, 847 (2002). We may set aside or modify the department's decision only if we determine the decision "exceeded the statutory authority or jurisdiction of the agency, was based on an error of law, was made upon unlawful procedure, was unwarranted by facts found in the record . . . , or was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." Fitzpatrick, 102 Mass. App. Ct. at 619, citing G. L. c. 30A, § 14 (7).

The plaintiff contends that the department's failure to recognize his height as a disability was erroneous as a matter of law and not supported by the facts in the administrative record, which showed that a standard bed was too short for him to sleep and that he was unable to sit at the desk in his cell. Although we are sympathetic to the plaintiff's claims, the record does not permit us to conclude that the department's decision is reversible under G. L. c. 30A, § 14 (7).

As relevant here, the ADA's definition of "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The

4

department's policy likewise defined a "disabled inmate" as "[a]n inmate who has a physical or mental impairment that substantially limits one or more major life activities." 103 DOC § 408.02 (2018).[3] Assuming for the purposes of this appeal that the plaintiff's height substantially limits his ability to sleep in a bed that is too short and to eat or type at the fixed desk and chair in his cell, and that these are major life activities, the plaintiff's claim falters on the requirement that these activities be limited by a "physical or mental impairment."

The ADA does not define what qualifies as a physical impairment, but the United States Equal Employment Opportunity Commission's regulations implementing the ADA do, as follows: "Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1) (2011). While we are not aware of any

---

[3] As of January 2025, the policy replaced the definition of "disabled inmate" with a definition of "incarcerated individual or civil commitment with a disability," which has essentially the same definition. 103 DOC § 408.02 (2025).

authoritative decision on point,[4] the majority of decisions considering whether obesity qualifies as a physical impairment conclude that it is not, unless it is caused by a physiological disorder. "Taken as a whole, the relevant statutory and regulatory language makes it clear that for obesity to qualify as a physical impairment -- and thus a disability -- under the ADA, it must result from an underlying physiological disorder or condition." Morriss v. BNSF Ry. Co., 817 F.3d 1104, 1109 (8th Cir.), cert denied, 580 U.S. 875 (2016). Accord Richardson v. Chicago Transit Auth., 926 F.3d 881, 887-888 (7th Cir. 2019) (collecting cases). The defendants could have reasonably concluded that the same reasoning applied to height.

The plaintiff does not allege, and the record does not demonstrate, that his height is the result of a physiological disorder or condition. Accordingly, the department's determination that the plaintiff did not have a "diagnosed impairment," and was not entitled accommodations on that basis, appears to be correct as a matter of law and supported by the record. The Superior Court judge's decision, affirming the department's action on the plaintiff's request for

_____

[4] Of the very few unpublished trial court decisions we have found that discuss allegations similar to the plaintiff's, all concluded that height was not a qualifying disability under the ADA.

6

accommodations and denying declaratory relief, must therefore be affirmed.[5]

                                    Judgment affirmed.

                                    Order denying motion for
                                        enlargement of time to file
                                        motion for reconsideration
                                        affirmed.

                                    By the Court (Massing,
                                        Neyman & Wood, JJ.[6]),

                                    *Paul Little*

                                    Clerk

Entered:  May 9, 2025.

---

[5] We note that the initial decision to deny the plaintiff's request for an extended mattress was based, in large part, on the fact that he already had one, and that a second mattress had already been preapproved.  We were advised at oral argument, however, that, in an effort to provide higher quality mattresses throughout the plaintiff's facility, the department had given the plaintiff a too-short mattress, but we were reassured by department counsel's representation that this was a mistake, that a ninety-inch-long mattress had been ordered, and that the plaintiff would receive the new mattress forthwith.  Nothing in this decision, which is limited to the plaintiff's claim for accommodations under the department's ADA policy, should be understood to relieve the department of its obligation to act consistently with counsel's representation.

[6] The panelists are listed in order of seniority.